## CENTRAL OF GEORGIA RAILWAY CO. *v.* PRICE.

Where through the negligence of the conductor of a railway company a passenger on its cars has been carried beyond the point of her destination, such conductor, in the absence of express authority so to do, can not constitute the proprietor of a hotel, who is entirely unconnected with the company, its agent for the purpose of providing safe and comfortable lodgings for the passenger until she can return on the company's train to her destination. It follows, therefore, that the company is not liable for any injuries or damage such passenger may have sustained while at the hotel, in consequence of any negligence on the part of its proprietor.

Argued November 15, — Decided December 14, 1898.

Complaint for damages.    Before Judge Littlejohn.    Macon superior court.    June 13, 1898.

*William D. Kiddoo*, for plaintiff in error.
*M. Felton Hatcher* and *Guerry & Hall*, contra.

SIMMONS, C. J. In the view we take of this case, it is unnecessary to deal with the many special grounds of the motion for a new trial. The record discloses that Mrs. Price was a passenger on a train of the defendant company, and that her destination was Winchester, Georgia. Through the negligence of the conductor, she was not put off at Winchester, but was carried on to Montezuma. Upon her arrival at the latter place, the conductor advised her to go to the hotel and spend the night, he agreeing to carry her back to Winchester in the morning when his train made the return trip. He accompanied her to a hotel where a room was assigned her, the conductor agreeing with the proprietor to pay her expenses. She was taken to her room by the proprietor or his servants, and furnished with a kerosene lamp which she left burning after she had retired to bed. Sometime during the night the lamp, she claims, exploded and set fire to a mosquito net which covered the bed, and in her efforts to extinguish the flames her hands were badly burned. She sued the railway company for damages, and, under the charge of the court, the jury returned a verdict in her favor for $400. A motion for a new trial was made, and was overruled by the trial judge. To this the company excepted. The contention of the plaintiff in the court below was, that when the conductor carried her to the hotel in Montezuma and asked her to remain there until his return the next morning, he thereby made the proprietor of the hotel the agent of the railway company, and that if the plaintiff was injured by the negligence of the proprietor or his servants in furnishing her a defective lamp, the railway company was liable, the contract of carriage not having been fully executed and the plaintiff being still a passenger. The trial judge in his charge took this view of the law and in substance so instructed the jury. We, however, think this was error. A conductor on a passenger-train of a railway company is the agent of the company, and the company is bound by all of his acts within the scope of his employment. His business is to superintend the running of the train, look after the comfort and safety of the passengers, and do such other work, in and about the running of the train, as is imposed upon him by the rules of the

company or by law. Being only an agent, he had no authority, without express power conferred by the company, to appoint a subagent. He could not delegate to another, an agent of his own appointment, the powers conferred upon him. Civil Code, § 2999. It was not within the scope of his business to constitute the proprietor of a hotel the agent of the company for the purpose of taking care of the plaintiff during the night. We are aware that several of the courts have held that where a passenger is injured by the negligence of a railway company, such company is liable for the compensation of a surgeon employed by the conductor or station-agent for attendance upon the injured passenger. These rulings are put upon the ground of humanity and public policy in case of such emergency; but, so far as we can ascertain, no court has ever held that the company would be liable to the injured passenger for the negligence or malpractice of a surgeon so employed.

It is argued that, whether or not the proprietor of the hotel was the agent of the company, the contract of carriage was not completed, and it was the duty of the company, by its agents, safely to care for the passenger until they had delivered her at her destination. Admitting, for the sake of the argument, that this is true, we still think that the company would not be liable for the consequences of the landlord's negligence. The negligence of the company consisted in passing the station where the passenger desired to alight, without giving her an opportunity to get off. Taking her version of the manner in which she was injured, the injury was occasioned by the negligence of the proprietor of the hotel or his servants in giving her a defective lamp. The negligence of the company in passing her station was, therefore, not the natural and proximate cause of her injury. There was the interposition of a separate, independent agency, the negligence of the proprietor of the hotel, over whom, as we have shown, the railway company neither had nor exercised any control. Civil Code, §§ 3912, 3913; *Perry v. Central Ry.,* 66 *Ga.* 746; *Mayor etc. of Macon v. Dykes,* 103 *Ga.* 847. South-Side etc. Co. *v.* Trich, 117 Pa. St. 390, 11 Atl. 627; Wood *v.* Railway Co., 177 Pa. St. 306, 35 Atl. 699; Lewis *v.* Ry. Co., 54 Mich. 55, 19 N. W. 744; Hoag *v.* Ry. Co.,

85 Pa. St. 293; Sira *v.* Ry. Co., 115 Mo. 127, 21 S. W. 905; Gulf etc. Ry. Co. *v.* Shields, 9 Tex. Civ. App. 652, 29 S. W. 652; Smith *v.* Bolles, 132 U. S. 125. The injuries to the plaintiff were not the natural and proximate consequences of carrying her beyond her station, but were unusual and could not have been foreseen or provided against by the highest practicable care. The plaintiff was not entitled to recover for such injuries, and the court erred in overruling the motion for new trial. *Judgment reversed. All the Justices concurring.*