### 853.   COOPER *et al* v. LOWERY.

If a servant who is employed to do certain work for his master employs another person to assist him, the master is liable for the negligence of the assistant only when the servant had authority, express or implied, to employ him, or when the act of employment is ratified by the master.

Action for damages, from city court of Hall county—H. H. Dean, judge pro hac vice. October 19, 1907.

Submitted January 22,—Decided March 30, 1908.

*George K. Looper, B. P. Gaillard Jr.,* for plaintiffs in error.

*H. L. Patterson,* contra.

HILL, C. J. The plaintiff brought this action to recover damages for personal injuries caused by the negligence of an alleged

servant of the defendants. The controlling question presented by the record is, whether the person whose negligence caused the injury was a servant of the defendants. On this question there is no material conflict in the evidence, which is briefly as follows: The defendants were the owners of a guano factory, and sold and delivered their guano from the factory. They employed a servant to deliver guano to purchasers. This servant had no authority, express or implied, from the defendants to employ any one to assist him in such work. On the occasion when the plaintiff received the injuries complained of, the servant had employed a negro boy to assist him in delivering the guano at the factory, and this assistant, while in the act of loading a sack of guano on the wagon of the plaintiff, injured him by his negligence. The testimony is positive and uncontradicted that the servant of the defendants had no authority, either express or implied, to employ an assistant for this work, and that the employment of the assistant in question was without the knowledge or consent of the defendants, and the unauthorized act was in no wise ratified by them. The trial judge instructed the jury on this subject as follows: "The master is liable for the negligence of a person whom the servant has procured to aid him in his work, where the negligent act resulting in the injury complained of occurred in the course of the work;" and this charge is assigned as error.

We think the charge incorrectly interpreted the law on this particular point. If a servant who is employed to perform certain work for his master procures another person to assist him in the work, the master is not liable for the negligence of the latter, except when the servant had authority from the master, express or implied, to employ the assistant, or when the employment of the assistant was subsequently ratified by the master. In the case of Haluptzok v. Great Northern R. Co., 55 Minn. 446 (56 N. W. 144, 26 L. R. A. 739), the court says: "Under the doctrine of respondeat superior, a master, however careful in the selection of his servant, is responsible to strangers for their negligence committed in the course of their employment. The doctrine is at best somewhat severe, and, if a man is to be held liable for the acts of his servants, he certainly should have the exclusive right to determine who they shall be. Hence, we think, in every well-considered case where a person has been held liable, under the doc-

trine referred to, for the negligence of another, that other was engaged in this service either by the defendant personally, or by others by his authority, express or implied." In other words, to render one person liable for the negligence of another, the relation of master and servant, or principal and agent, must exist between them. And unless this relation exists, the law will not impute to one person the negligent act of another. The case of Mangum v. Foley, 33 Mo. App. 250, was an action for damages for the killing of the plaintiff's child, where it appeared that the defendant's teamster engaged a stranger, without the knowledge or consent of the defendant, to drive the team temporarily, and the injury occurred while the stranger was so employed, and it was held by the court that "there was no cause of action against the defendant, and a demurrer to the evidence should have been sustained." If the servant was allowed by the master any discretion in connection with his employment, or if the servant's employment was supervisory in character, and it was usual and customary in such employment for other servants to be employed by him, the master might be liable for any damage caused by the negligence of such sub-servants. But where, as in this case, the fact is clear that there was no such discretion, and that the servant of the master was employed for a specific purpose, and the servant, on his own responsibility, without authority, express or implied, from the master, and without any ratification of his act, hired a person temporarily to assist him in loading the guano on the wagon, and he himself, and not the master, paid the assistant, there is neither reason nor justice in holding the master liable for the negligent conduct of the assistant; and a verdict against the master, under these facts, would be unauthorized, and a new trial should have been granted.

The other assignments of error are immaterial, in view of this ruling.                                        *Judgment reversed.*