## WHITE *v.* LEVI & COMPANY.

1. Where an action was brought to recover damages on account of an injury to the plaintiff, arising from being struck by an automobile, and the defendants named were the owner of the automobile and the firm to whose place of business it was being carried for repairs, but the only defendant served was one member of the firm, there was no error in overruling a motion to strike a demurrer filed by such defendant, on the ground that it was filed in his individual capacity, and not as one of the copartners or in the interest of the copartnership.

2. If a master sent a servant to bring to his place of business an automobile for the purpose of having it repaired, and the servant so sent procured another to take the machine to its destination in his stead, the master was not liable for the negligence of such person, unless the servant had authority, express or implied, to employ him, or unless the employment was ratified.

3. In the absence of any direct allegation of ratification, a mere averment that the person so employed was arrested and fined for violating a municipal ordinance in regard to the driving of automobiles in the city, and that the master gave bond for the appearance of such assistant after his arrest and paid the fine imposed upon him, will not suffice to sustain the petition against a general demurrer.

DECEMBER 15, 1911.

Action for damages. Before Judge Bell. Fulton superior court. October 18, 1910.

*R. J. Jordan,* for plaintiff.    *Bell & Ellis,* for defendants.

LUMPKIN, J. White brought suit for damages against J. E. Levi & Company, this being the name of a partnership composed of J. E. Levi and D. D. McCall, and against J. D. Davidson, a resident of a county other than that where the suit was filed. The allegations were in brief as follows: On June 4, 1910, Davidson came from his home in Griffin to Atlanta in an automobile. Because of the failure of some of the machinery of the car to work properly, it was left on the outskirts of the City of Atlanta, and Levi & Company were notified to send for it and take it to their place for repairs. Accordingly, they sent one of their employees for the car. He found that by doing some work on the machine it would be unnecessary to pull the car into the firm's place of business. He and Davidson thereupon directed a young negro boy to take the machine to the place of Levi & Company. When they did so, they knew that the boy "was inexperienced and had no license to run an automobile in the City of Atlanta without first being examined and granted a license." While the plaintiff was crossing the street he was struck by the automobile and injured. This oc-

curred from no fault of his, but was the result of gross negligence on the part of the driver of the machine. Had the latter known the duties of one skilled in the business of running automobiles, and had he kept a proper lookout, the injury would not have occurred; but he was not capable of running an automobile, and was looking across the street when the plaintiff was struck. The boy was tried before the recorder of the City of Atlanta for violating the municipal ordinance regulating the manner in which automobiles might be run in the city limits, and was adjudged guilty and fined fifty dollars and costs, "which said fine was paid by defendants, or some of them." In another paragraph it was alleged that "said defendants, Levi & Co., gave bond for said boy after his arrest, and the boy's fine was paid by them." No service was made on any of the defendants except McCall, an entry of non est inventus being made as to J. E. Levi. McCall interposed a general and special demurrer. Counsel for the plaintiff made an oral motion to strike the demurrers, on the ground that they were filed by one of the partners, D. D. McCall, in his individual capacity, and not as one of the partners or in the interest of the partnership. This motion was overruled. The general demurrer was sustained and the case dismissed. The plaintiff excepted.

1. In the petition the defendants named were an individual and a partnership, alleged to be composed of two named persons. It does not appear that any service was made on the individual defendant. There was an entry of service on one of the partners, "one of the firm of J. E. Levi & Co.," and an entry of non est inventus as to the other. The partner served interposed a demurrer. A motion was made to strike this, on the ground that it was filed by one partner individually and not in the interest of the partnership. It was properly overruled. 15 Enc. Pl. & Pr. 941; *Wynne* v. *Millers & Sibley,* 61 *Ga.* 343; *Importers &c. Bank* v. *McGhees & Co.,* 88 *Ga.* 702, 710 (16 S. E. 27).

2. It was alleged that, on account of the failure of some of the machinery of the automobile to work properly, the car was stopped at or near the limits of the City of Atlanta, and Levi & Company were notified to send for it and take it to their place of business for repairs, and thereupon "sent one of their men for said machine;" but that the man so sent, by doing some work on the machine, found it unnecessary to pull the car to its destination; and

that he and the owner of the car directed a young negro boy, who was inexperienced and had no license to drive an automobile in the city, to take it to the place of business of Levi & Company. The employee of the defendant firm does not appear to have been present when the plaintiff was hurt. There was no allegation that the man sent by the firm to carry the machine to their place of business had any further authority, or that he was authorized, expressly or impliedly, to employ the boy or direct him to carry the machine to its destination; nor was there any allegation that the boy was an employee of the firm. So far as appears from the petition, the man sent to get the machine acted outside the scope of his authority in employing the boy and delivering the machine to him. Under such circumstances, the firm was not liable for the negligence of the boy, unless the act of employment was ratified by them. *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641 (49 S. E. 711, 67 L. R. A. 701, 104 Am. St. Rep. 179); *Cooper* v. *Lowry,* 4 *Ga. App.* 120. (60 S. E. 1015); Mechem on Agency, §§ 185, 197.

3. There was no sufficient allegation of ratification. It was not alleged that the defendant firm confirmed or ratified the act of their employee in procuring the subagent. The only averment on that subject was, that, after the plaintiff had been injured by being struck by the automobile while it was driven, the boy driver was prosecuted in the recorder's court of the city for violating a city ordinance regulating the manner in which automobiles should be run, and was fined, and that the firm gave bond for the appearance of the boy after his arrest, and paid his fine. What was the ordinance violated did not appear. In another part of the petition it was stated that the fine was paid "by defendants, or some of them." Had there been a proper allegation of ratification of the employment of the boy and the entrusting of the machine to him, perhaps the facts above mentioned might have been admissible in evidence as bearing on the question, leaving the jury to draw proper inferences or conclusions from them and any other evidence pointing toward ratification, if there was any. But the pleader must allege his case, and not merely set out certain detached pieces of evidence, which do not directly prove ratification, and trust to inference to supply the lack of it. The petition alleged neither express nor implied authority on the part of the person sent for the automobile to employ the person who was driving

it when the plaintiff was injured, nor ratification of his act in so doing. It was therefore properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*