[Civ. No. 3395. Second Appellate District, Division Two.—October 25, 1921.]

## HARRY E. GATES, Respondent, v. GEORGE R. DALEY, Appellant.

[1] NEGLIGENCE — OPERATION OF TRUCK BY WIFE OF EMPLOYEE — LIABILITY OF OWNER FOR DAMAGES.—Where the driver of an autotruck, while on a long trip with the vehicle in the regular course of his employment, accompanied by his wife, becomes fatigued and, in order temporarily to rest himself, allows his wife to operate the truck, the owner of the truck is liable for the damage caused by her negligent operation thereof, notwithstanding she was not employed by the owner nor under any authority conferred by the owner upon her husband.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles C. Crouch for Appellant.

James L. Allen and Conkling & Brown for Respondent.

WORKS, J.—Action for damages caused by the negligent operation of an autotruck. Plaintiff had judgment and defendant Daley appeals.

[1] The autotruck was the property of appellant and the defendant George Edge was employed by him to drive it. In the regular course of his employment Edge went on a long trip with the vehicle, accompanied by his wife. At a point on the journey Edge became fatigued and, in order temporarily to rest himself, allowed Mrs. Edge to operate the truck. It was while she was at the wheel that the accident occurred out of which this litigation arises. Edge had no authority from appellant to engage a substitute or assistant to drive the truck.

1. Liability of master for injury to property or person of one to whom he owes no contractual duty by acts of volunteer whom servant permits to assist in performance of master's service, notes, 13 L. R. A. (N. S.) 572; 45 L. R. A. (N. S.) 383.

Appellant contends for a reversal of the judgment against him on the ground that Mrs. Edge was not employed by him, nor under any authority conferred on Edge by him, to operate the truck, claiming that the liability of an owner of an instrumentality for damages caused by its negligent operation by another person can only be predicated of the fact that such other person was at the time the agent of the owner. In support of his view appellant cites abundant authority from some of the other states, the cases referred to upholding that view in no uncertain terms. In fact, however, there are many cases on both sides of the question, an exhaustive citation of them being found in 18 R. C. L., p. 785, par. 245, notes; 26 Cyc. 1521; note to *Thyssen* v. *Davenport Ice Co.,* 13 L. R. A. (N. S.) 572; note to *Geiss* v. *Twin City Taxicab Co.,* 45 L. R. A. (N. S.) 382.

The cases in which masters have been held liable for the negligence of assistants to their regularly employed servants, laying aside those instances in which the servants have engaged the assistants under an express authority conferred by the masters, seem to be divided into two classes: First, those cases in which the assistants committed the acts of negligence in the presence, and, therefore, impliedly, under the direction, of the servants; second, those in which the assistants, although being negligent while working out of the presence of the servants, were engaged in the rendition of services which they had been accustomed to perform at the servants' request for considerable periods of time, thus giving rise to the view that the servants enjoyed an implied authority to engage them. A fair sample of the first class of cases is *Geiss* v. *Twin City Taxicab Co.,* 120 Minn. 368 [45 L. R. A. (N. S.) 382, 139 N. W. 611]. After referring to several authorities on the subject the supreme court of Minnesota there said: "We think they support the conclusion that the master is liable when the act is done in the presence of the servant and by his direction, or with his acquiescence, though the person doing the act is not a servant of the master and though the master has not authorized the servant to employ an assistant." A case of the second class, on the facts stated, is found in the decision of our supreme court in *Bank of California* v. *Western Union Tel. Co.,* 52 Cal. 280, but the opinion there found is

practically based upon *Althorf* v. *Wolfe*, 22 N. Y. 355, a case undoubtedly belonging in the first class. The present case, if the judgment against appellant is to stand, naturally falls in the same classification with *Althorf* v. *Wolfe* and with *Geiss* v. *Twin City Taxicab Co.*, *supra*. By its indorsement and adoption of the doctrine of *Althorf* v. *Wolfe*, our supreme court has aligned itself with the courts of those states whose decisions fall under the group to which that case belongs. Appellant was therefore liable for the damages occasioned by the negligence of Mrs. Edge.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.