## WEST TEXAS PRODUCE CO., Inc., et al. v. PATE.

### No. 1161.

Court of Civil Appeals of Texas. Eastland.

Oct. 13, 1933.

Cox & Hayden, of Abilene, for appellants.

Coombes & Andrews, of Stamford, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee, Mrs. Sallie T. Pate, a feme sole, against appellant West Texas Produce Company, Inc., and L. A. Gustafson for $1,000 damages for personal injuries sustained by appellee in an alleged collision between a car driven by her and a truck belonging to Gustafson.

Mrs. Pate, together with Mrs. B. D. Cole and Miss Jessie Garth, took about fourteen children, members of a Sunday School class taught by Mrs. Pate, out picnicking. The accident occurred about 8:30 o'clock in the evening on the return from the picnic grounds. Mrs. Pate and Mrs. Cole were riding in a small coupé. Attached to the left bumper of this coupé was a four wheel trailer, upon which the children and Miss Garth were riding. In ascending a grade on the highway the motor of the coupé stalled, and it was while the coupé and trailer were standing on the highway that the accident occurred. The trailer was so attached that it extended eighteen inches further to the left than the coupé. The truck, which was alleged to have collided with the car and caused injuries to Mrs. Pate, was proceeding on the highway in the opposite direction to that in which the picnic party was headed. The grounds of negligence relied on in appellee's petition were pleaded in this language:

"That the defendant, West Texas Produce Co., Inc., through its servant, agent or em-

ployee, L. A. Gustafson, and the defendant, L. A. Gustafson, were negligent in the operation of said truck in driving it at a high rate of speed at the time and place where said truck ran into plaintiff's car and were negligent in driving said truck on the wrong side of said pavement so that the wheels on the left side of said truck were over on the left or North side of the center line of said pavement; that the lights were turned on on plaintiff's car and the lights were turned on on said truck; that defendant, West Texas Produce Co., Inc., through its servant, agent or employee and the defendant, L. A. Gustafson, were willfully and grossly negligent in operating said truck immediately preceding and at the time of said accident, and by the exercise of ordinary care could have and should have seen the lights on plaintiff's car and could have and should have heard plaintiff's horn honking and could have and should have seen plaintiff waving her arm, and could have and should have known that plaintiff's car was stalled or stopped on said pavement and that plaintiff had no opportunity of getting off of the pavement out of his way, and if said agent, servant or employee of the defendant, West Texas Produce Co., Inc., and the defendant L. A. Gustafson, had driven said truck, which was a very large, heavy truck, at a reasonable rate of speed and on the right or South side of said pavement he would not have struck the car belonging to plaintiff or the trailer attached thereto, and if said servant, agent or employee of West Texas Produce Co., Inc., and the said L. A. Gustafson, had slowed down the speed of the truck and pulled said truck over on his right side or the South side of said pavement after plaintiff began honking her horn and waving her arm he would not have struck plaintiff's car; but that in total disregard of the safety of plaintiff and her companions or of any other person who might be at said point on said Highway, defendant, West Texas Produce Co., Inc., through its servant, agent or employee, and the defendant, L. A. Gustafson, drove said truck on the left or North side of said pavement at a high rate of speed which plaintiff alleges to be more than forty miles per hour, and that after he could have and should have seen plaintiff's car and the lights thereon and could have and should have heard the honk of plaintiff's horn and could and should have seen plaintiff waving her hand, he continued to negligently and carelessly drive said truck on the wrong side of said pavement and at a high rate of speed in total disregard of the safety of plaintiff and her companions."

As we construe this pleading, two grounds of negligence were alleged, namely, (1) that the truck was being driven at a high rate of speed, and (2) that same was on the wrong side of the pavement in that its left wheels were on the left of the center line thereof.

The facts in the record are very meager with reference to the relation between Gustafson, the owner of the truck, and West Texas Produce Company. About all that is disclosed thereby is that Gustafson worked for the produce company as a salesman and truck driver; that he made the towns of Lueders, Stamford, Haskell, Weinert, and Munday. He usually made four trips per week to these towns, starting from Cisco and returning on the same day that he left. The nature of his contract with the produce company is not disclosed. The truck belonged to Gustafson, but was used by him in connection with his employment by the produce company. On the occasion of the accident, a negro named Charlie Brown was driving the truck. Brown lived in Gustafson's servant house at Cisco. He was riding with Gustafson on the occasion and was permitted to drive the truck. He was not employed by Gustafson and, so far as the record discloses, had no connection whatever with the produce company.

■■ The issue of negligence with reference to the speed of the truck was submitted in this manner: "Special Issue No. 4. Was the driver of the truck driving it in excess of 15 miles per hour at the time he reached a point opposite plaintiff's car?" To which the jury answered "Yes." The fifth special issue was as follows: "Was the act of the driver of the truck in driving it in excess of 15 miles per hour at the time he reached a point opposite plaintiff's car, if he did so drive it, a proximate cause of the plaintiff's injuries, if any?" To which the jury answered "Yes." It will be observed that no issue was submitted to the jury as to whether it was negligence to drive the truck in excess of fifteen miles per hour. The court evidently regarded the answer to special issue No. 4 as a finding of negligence per se. Article 794 of the Penal Code of 1925 provides that "all operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour." That article was repealed by the last Legislature, but was in effect on the date of the trial below. If it applies to the situation which existed at the time of this collision, the court properly regarded the answer of the jury as a finding of negligence per se, but it has no application to the facts in this case. It was held by the Commission of Appeals in the case of Davis v. Estes, 44 S.W.(2d) 952, 954, that "the language 'motor vehicles when passing each other' negatives the idea that the statute has any application to a situation where one car passes another which is parked or standing on the highway. * * * Properly construed, it plainly means that, when two automobiles traveling in opposite directions upon a public highway attempt to pass each other, the operators of both vehicles must slow down the speed to a rate not in excess of 15

miles per hour." Upon the authority of that case we hold that the judgment below cannot rest upon the answers of the jury to special issues Nos. 4 and 5. It seems now to be settled that we cannot presume in support of the judgment that the court below found negligence, when that issue was in dispute and was not submitted to the jury. Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708.

On the issue of whether or not the truck was being driven to the driver's left of the center line of the highway, the jury answered that it was not, thus eliminating that alleged ground of negligence as a basis for the judgment. In connection with the question presented by this last mentioned issue, and in view of another trial of this case, we think it not improper to call attention to the situation disclosed by the jury's findings. These findings were that plaintiff's car was on the proper side of the highway, but that her trailer extended over the center line. They were also to the effect that the truck occupied its proper side of the highway. The effect of these findings was that there was no collision between the truck and appellee's car. The unquestioned facts are that Mrs. Pate's hand and wrist were broken. Conscious of the fact that the children were on a trailer extending over to the left of her car, and fearful of a collision with the truck, she put her left arm out of the window of her coupé and motioned the truck to move over to its right. Evidently in doing so, she extended her hand across the middle of the highway where it came in contact with the truck, causing her injuries. The question is not before us as to whether liability could be predicated upon that statement of facts. It may be that under proper allegations and proof actionable negligence could be found to exist in that character of case, but it was not alleged in the instant case. The case pleaded was one in which injuries were claimed on account of a collision brought about by the truck being on the wrong side of the highway.

■ Another issue was submitted to the jury, which is claimed to support the judgment, as follows: "Special Issue No. 2: Was the driver of the truck guilty of negligence in the manner in which he drove the truck immediately before and at the time he reached a point opposite plaintiff's car?" To which the jury answered "Yes." In answer to the next issue, such negligence was found to be a proximate cause of appellee's injuries. Just what actionable negligence this issue was designed to cover, we are unable to determine. As noted, the only grounds pleaded were excessive speed and driving on the wrong side of the highway. These issues were separately submitted, and, since the judgment cannot rest upon either of them, it cannot rest upon the answer of the jury to special issue No. 2.

The exceptions to this issue should have been sustained.

■■ There is yet another reason why the judgment cannot stand as against the West Texas Produce Company. Charlie Brown, who was driving the truck at the time of the accident, was not shown to be an employee of that company. He was a guest of Gustafson and was driving the truck without any permission, express or implied, of the produce company. All the issues submitted to the jury on the question of negligence related solely to the negligence of Charlie Brown, the driver, and not to that of Gustafson, the alleged servant. There is no allegation in the petition that Gustafson was negligent in turning the car over to an incompetent driver or in his failure properly to supervise the driving after turning it over to Brown. Both the pleadings and the charge of the court proceed as if Charlie Brown was the servant of the produce company so as to bring into operation the doctrine of respondeat superior. In so assuming we think there was error. This is not a case like Campbell v. Trimble, 75 Tex. 270, 12 S. W. 863, where the owner of a dangerous instrumentality intrusted same to his servant. The produce company did not own the truck and was not shown to have any right of control over it. The relation of master and servant arises out of contract. That relation cannot be imposed upon persons without their consent. There is neither pleading nor evidence that Gustafson was clothed with the authority, either express or implied, to employ an assistant. Since there is neither pleading nor jury finding of any negligence on the part of Gustafson, it follows that the judgment against the produce company is wholly without support.

■ From what has been stated above, it does not follow that, since the relation of master and servant did not exist between the produce company and Brown, the former is necessarily absolved from liability for the results of the latter's negligence. Much has been written upon this interesting question. There are cases which affirm the liability of the master on the ground of constructive identity, the theory being that where the owner of an automobile intrusts the operation thereof to his servant, who permits another to drive the same in his presence and under his direction and in furtherance of the master's business, the owner is liable for injuries caused by the negligence of the driver, because he is but an instrument in the hands of the servant. A number of the cases so holding are collated in the opinion of Copp v. Paradis, 130 Me. 464, 157 A. 228, 232. This doctrine is repudiated in many jurisdictions. The question is well annotated in notes in 44 A. L. R. 1385 and 54 A. L. R. 851. We think the better rule is that announced by Mr. Jus-

**384**

tice Cardozo in Grant v. Kneeper, 245 N. Y. 158, 156 N. E. 650, 651, 54 A. L. R. 845, and Mr. Justice Sturgis of the Supreme Judicial Court of Maine in Copp v. Paradis, supra. In the former case it was held that liability must be based upon the negligence of the employee, either in placing at the wheel a substitute without skill and experience in the management of cars, or in failing to properly supervise the operation thereafter, and intervene to avert the loss when intervention would avail. From that opinion we quote as follows: "The basis of liability is always the negligence of the servant. If such negligence exists, and is found to be an effective cause, it does not lose its significance as a basis of liability because it may be found to have combined with the negligence of the substitute."

In the case of Copp v. Paradis, supra, a careful review of the authorities is made and this conclusion is drawn: "We are of opinion that at common law, which prevails in this state, the sound rule is that, while an employee cannot create the relation of master and servant between his employer and an assistant who, without authority, he substitutes for himself in the employer's business, still, if the negligence of the employee in so engaging an assistant who was incompetent or in failing to supervise such an assistant, be he competent or incompetent, is a proximate cause of the damage complained of, the employer is liable, although the assistant's negligence in the presence of the employee and in combination with his negligence contributed proximately to the accident."

We believe the above is a sound rule of law, and its application to the record before us leads to the conclusion that the judgment against the produce company is without support either in the pleading or the verdict.

The other errors assigned will probably not arise upon another trial and, for that reason, need not be discussed.

Reversed and remanded.