For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

The State insists in its motion for rehearing that we were in error when we predicated a reversal on bill of exception No. 8. We have again reviewed the record. It is quite natural that the story told by the witness Peel invited criticism from appellant's counsel. The witness claimed upon this trial that at the time of the killing he had seen appellant get a butcher knife from the kitchen and drop it by the body of deceased. He averred that he had related this incident to counsel for the State prior to a former trial, notwithstanding which he had not then been called by the State as a witness. The conditions thus arising naturally led to observations from appellant's counsel as to the weight which the jury should give to Peel's evidence. Any reply which counsel for the State could legitimately make was of course appropriate, but the assertions in argument that Peel's statement was true, made by one of State's counsel, to whom Peel claimed to have reported the incident prior to the other trial, occurs to us to have been the statement of a fact by counsel not under oath, the effect of which was the assumption by counsel of responsibility for not having used Peel as a witness on the former trial, thereby attempting to relieve Peel of the effect of criticism directed at his evidence. We are not impressed that State's counsel's announcement was a proper reply to argument of appellant's attorneys.

Believing the case was properly disposed of originally, the State's motion for rehearing is overruled.

GULF REFINING CO. v. SHIRLEY.

No. 1586.

Court of Civil Appeals of Texas. Eastland.

Oct. 16, 1936.

Rehearing Denied Dec. 11, 1936.

614

FUNDERBURK, Justice.

The appeal is from a judgment in favor of A. J. Shirley against Gulf Refining Company for $1,500. The award was for damages for personal injuries received by plaintiff in an automobile wreck, the result of a collision between plaintiff's car and one owned and driven by J. W. Phillips. It was alleged that said J. W. Phillips was an agent and employee of the defendant and that "at the time was acting within the scope of his employment and on a mission for the company." The defendant, in addition to defensive pleas, asserted a cross-action against M. I. Phillips and J. W. Phillips, which, before judgment, was voluntarily dismissed. In the cross-action it was alleged that at the time of the accident M. I. Phillips was under a contract with the defendant which designated the latter as first party and the former as second party, and in part obligated "second party to pay all damages to first party's property and to the public ·occasioned by second party, his servants or employees." The assertion of the claim by the cross-action was upon the contingency that defendant was held to be liable to plaintiff.

A jury was waived and the judge determined the issues of fact and law and upon proper request filed his conclusions of fact and law. Material to the questions presented are the conclusions of fact to the effect that Gulf Refining Company at the time of the accident (May 14, 1934) operated a filling station in Abilene, Tex., and "had in charge of said station * * * the defendant [in cross-action] M. I. Phillips who had authority to operate said station and [1] *to employ the help necessary for the operation of said station* * * * that J. W. Phillips is a minor son of M. I. Phillips and that on the occasion in question the defendant M. I. Phillips sent his minor son J. W. Phillips from the Gulf station * * * to the Gulf warehouse * * * [2] *for the purpose of attending to business for the Gulf Refining Company,* and [3] *on an errand in the operation of the business of the Gulf Refining Company station* * * * [4] *that J. W. Phillips at the time of the collision was an employee of the Gulf Refining Company and was acting within the scope of his employment."* (Italics ours.)

Each separate finding of those above, which, for identification, we have italicized and noted in brackets, is challenged by ap-

Handley & Shaeffer, of Dallas, and Cox & Hayden, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

pellant on the ground that there was no evidence to support it, and, in the alternative, that the evidence was insufficient.

■ There is no evidence whatever that M. I. Phillips, conceded to have been an agent of the appellant, had any express authority to employ for his principal his son J. W. Phillips. It is safe to say that if J. W. Phillips bore to appellant any relation of agency, he was a subagent. "A subagent is a person appointed by an agent to perform some duty, or the whole of the business, relating to his agency. He may be the agent of the agent, or he may be the agent of the principal depending upon the agreement creating the primary agency, or upon the circumstances." 2 Am.Jur. pp. 13, 14, § 2. Another definition of subagent is "a person employed by an agent to assist him in transacting the affairs of his principal." 2 C.J.S., Agency, p. 1038, § 7. Within these definitions of "subagent" one may be a subagent and yet sustain no contractual relation to the principal. The test of liability of the principal for the tort of a subagent is believed to be the existence of authority, express or implied, given the agent to make the subagent the agent of the principal. Without such authority, a subagent would simply be the agent of the agent, but not of the principal.

■ The evidence must be examined and appraised to determine whether there was any evidence to show that M. I. Phillips, under his contract of employment by the defendant, was authorized as agent to employ J. W. Phillips as an agent of appellant. The burden which rested upon the plaintiff is well stated as follows: "The authority of an agent to appoint a subagent must be proved, the burden of proof falling, of course, on the party alleging such authority. As has been seen, this authority, like any other power, *may be implied from those powers, customs, and usages positively established by the evidence;* it is actual authority circumstantially shown." (Italics ours.) 2 Tex.Jur. p. 474, § 77. Of course, the word subagent as used in the preceding quotation necessarily means a subagent for whose tortious acts or omissions the principal would be liable to a third person. A reading of all the evidence suggests that plaintiff proceeded under the impression that it was only necessary for him to show that at the time of the accident J. W. Phillips was performing a part of the services which M. I. Phil-

lips, the agent, was employed to perform for his principal. That, we think, was not sufficient, because alone it proved no more than that J. W. Phillips was acting as the servant of M. I. Phillips. If M. I. Phillips had no authority from his principal, express or implied, to employ subagents, the principal would not be liable for the torts of the servants or agents of M. I. Phillips employed by him to assist him in the work of his employment, unless, of course, upon some principle of ratification or estoppel not here involved. Using the word "subagent" in the sense, evidently, of one employed under proper authority of the agent, it has been said, "A mere servant of an agent is not a subagent." 2 C.J.S., Agency, p. 1038, § 7.

■ It is not contended that there was any evidence of express authority and we can find no evidence from which the fact could be implied that J. W. Phillips was other than the mere servant of M. I. Phillips. The principal distinction between an agent and a servant is that an agent "is employed to represent his principal in business dealings and to establish contractual relations between him and third persons while the servant is not, and is not allowed the use of his discretion as to the means to accomplish the end for which he is employed." 2 C.J.S., Agency, p. 1029. Within the principle of this distinction, the evidence shows conclusively, we think, that J. W. Phillips, whether to be regarded as the employee of M. I. Phillips only, or of the defendant, was, as to the work he was doing at the time of the accident, a servant and not an agent.

Aside from the fact that the nature of M. I. Phillips' employment was to operate a filling station for the defendant and that when school was not in session J. W. Phillips had worked at said station, there was a total absence of evidence showing the magnitude or extent of the business, its necessity as to the number of men to operate it, the customs or usages of the business, the previous course of dealings between the agent and his principal, or any other facts or circumstances from which could be implied the authority of M. I. Phillips to employ J. W. Phillips as a servant or agent of the Gulf Refining Company.

Our conclusion, as above stated, has been reached wholly uninfluenced by the holding in American Nat. Ins. Co. v. Denke (Tex. Com.App.) 95 S.W.(2d) 370. If we under-

stand the implications of the opinion in that case, then, under the evidence, the defendant would not have been liable even if M. I. Phillips, admittedly the agent, had in person been driving the Ford car which injured the plaintiff.

It is argued that plaintiff's allegation of the provision in the contract of employment between M. I. Phillips and the defendant, quoted in the foregoing statement, itself raises an issue of fact as to the authority of M. I. Phillips to appoint J. W. Phillips as a subagent for whose tortious act defendant would be liable. We are unable to adopt this view because standing alone, and unaided as it is by other evidence, it fails to show more than the fact about which there is no contest, namely, that J. W. Phillips may have been the servant of M. I. Phillips and yet not a servant or agent of the defendant.

Being of the opinion that the judgment should be reversed and judgment rendered for the defendant that plaintiff take nothing by his suit, it is accordingly so ordered.