**SCHEUING et al. v. CHALLISS et al.**

No. 9861.

Court of Civil Appeals of Texas.
San Antonio.

March 17, 1937.

Rehearing Denied March 17, 1937.

For former opinion, see 98 S.W.(2d) 1000.

Leonard Brown and Russell B. Wine, both of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom, Frederick C. Felty, and William E. Remy, all of San Antonio, for appellees.

MURRAY, Justice.

It is suggested that we are in conflict with the case of Schroeder v. Rainboldt (Tex.Com.App.) 97 S.W.(2d) 679, an opinion published since our original opinion was delivered. We believe the cases are distinguishable. In that case the employee was not selling his own property, while in the case at bar J. H. Wigley was selling his own property. Wigley owned the ice; it was sold to him at the factory at 20 cents per hundred pounds. In the Schroeder Case the employee was not responsible for uncollected accounts, unless he extended credit to some one not authorized by the company, while Wigley was responsible for the collection of all accounts.

However, if we are mistaken in our conclusion that Wigley was an independent contractor, then we are confronted with the proposition that Crit Lowe was driving the truck at the time of the accident and not Wigley. Wigley was not with Lowe at the time of the accident. Lowe was not employed by the ice company to drive an ice truck. Lowe was a volunteer helper of Wigley's. It is not shown that Wigley had any authority to employ another to drive the truck. Lowe at most was an employee of Wigley's, for whose negligence the ice company was not responsible. Gulf Refining Co. v. Shirley (Tex.Civ.App.) 99 S.W.(2d) 613.

The relation of master and servant must arise out of contract and cannot be imposed upon a person without his consent. Where a servant permits a third person to drive a truck, liability of the master must be based on the servant's negligence in placing at the wheel a substitute without skill and experience and failing to properly supervise the operation thereof,

and intervene to avert loss, when intervention would avail. West Texas Produce Co. v. Pate (Tex.Civ.App.) 64 S.W.(2d) 381. This issue is not raised in the case at bar.

The finding of the jury that Crit Lowe was an employee of the ice company is contrary to the evidence and must be disregarded.

Accordingly, appellees' motion for a rehearing will be overruled.