30747. PEARCE, YOUNG, ANGEL COMPANY *v.* WARD.

DECIDED FEBRUARY 8, 1945.

*R. N. Hardeman, Frank Hardeman,* for plaintiff.

*M. C. Barwick,* for defendant.

FELTON, J. Pearce, Young, Angel Company sued F. C. Ward for damages to its truck and cargo alleged to have resulted from the negligence of the defendant's servant. The declaration in attachment alleged that the truck was in charge of the defendant's servant. The plaintiff tendered the following amendment to its

declaration which was disallowed: "That the driver and person in charge of the truck of F. C. Ward was at the time of the accident and wreck in charge of said truck; that he was present on said truck and in charge of said truck and responsible for the operation of said truck, but that he permitted another, a soldier, whose name is unknown to plaintiff, to drive said truck in a careless and reckless manner.' That the servant of said Ward was present and actually in charge of said truck when same wrecked truck of plaintiff." After the introduction of the plaintiff's evidence the court granted a nonsuit. The plaintiff excepts to the disallowance of the amendment and to the judgment of nonsuit.

■ It does not appear from the record what objection or objections were made to the amendment. In such a case if the court was authorized to disallow it for any reason his judgment disallowing it will be affirmed. *White* v. *Little,* 139 *Ga.* 522 (2 b) (77 S. E. 646); *Campbell* v. *Gormley,* 184 *Ga.* 647 (192 S. E. 430), and cit. We cite one theory on which the court might have based its judgment. There may be others. The petition alleged that the defendant's servant was driving the defendant's truck. The amendment alleged that a soldier, who was not a servant of the defendant, was driving it. The original allegation of the petition to the effect that the defendant's servant was driving the truck was contradictory to the allegation in the amendment and was not stricken. In the absence of the striking of the contradictory paragraphs in the petition the only way the plaintiff could have accomplished his purpose to allege the contents of the amendment would have been to add a separate count to his petition. Since he did not strike the contradictory allegation or add a new count the court did not err in disallowing the amendment.

■ There was no evidence that the defendant's employee was driving the truck at the time of the collision. Assuming for the sake of argument that the evidence shows that the soldier was driving the truck at the time of the collision, there is no evidence that the defendant's employee had authority to permit him to drive the truck or that the defendant ratified such permission. Nor was there any evidence that the defendant's employee procured an unknown person to drive or had any reason to suspect that he was permitting an incompetent or careless person to operate the truck; nor was it shown that at the time immediately preceding the col-

lision and at the time thereof that the circumstances were such that the defendant's employee could have so controlled or directed the soldier's conduct as to have avoided the collision and that his failure to do so was negligence on his part. It was shown by hearsay evidence that the defendant's employee was asleep at the time of the collision. Of course, such evidence proves nothing; but it illustrates the necessity of the plaintiff's showing that the employee was negligent in selecting an incompetent driver, and therefore negligent in going to sleep, or that the employee could have prevented the collision by controlling the driver. If the employee was not negligent in selecting an incompetent substitute he would not have been negligent in going to sleep. In saying what we have said above we are not to be understood as holding that the defendant would be liable if he selected an incompetent driver with the knowledge that he was incompetent, or in selecting a driver whose qualifications he did not know. It was held in *Cooper* v. *Lowery, 4 Ga. App.* 120 (60 S. E. 1015), that "if a servant is employed to do certain work for his master and employs another person to assist him, the master is liable for the negligence of the assistant only when the servant had authority, express or implied, to employ him, or when the act of employment is ratified by the master." The same ruling was made in *White* v. *Levi,* 137 *Ga.* 269 (73 S. E. 376). In such cases there is no presumption that the servant had authority to employ another. Such authority must be proved. *Mathis* v. *W. & A. Railroad,* 35 *Ga. App.* 672 (134 S. E. 793). The above rulings are in cases predicated on the lack of authority of the servant to procure a substitute and on the negligence of the substitute. We are not aware of a decision in Georgia based on the negligence of the servant in obtaining a substitute or in failing to control his conduct properly. On these questions see 44 A. L. R. 1382; 5 Blashfield, Cyclopedia of Automobile Law (Perm. ed.), § 2921; 1 Restatement of the Law of Agency, § 241; Potter *v.* Golden Rule Grocery Co., 169 Tenn. 240 (84 S. W. 2d, 364); Grant *v.* Knepper, 245 N. Y. 158 (156 N. E. 650, 54 A. L. R. 845). Assuming that the Georgia courts would hold a defendant liable under either of the other theories mentioned, the evidence in this case does not authorize a recovery and the court did not err in awarding a nonsuit.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*