### 31673. COWART *v.* JORDAN.

DECIDED OCTOBER 25, 1947.

*Bennet, Peacock & Perry,* for plaintiff in error.
*Farkas & Burt,* contra.

MacIntyre, P. J.   1. The mere fact that the extra drivers may have at times driven cars operated from the New Deal line, without any showing whether on such occasions they were employed

directly by the owner of the cab which they operated, and without any showing that there was a general custom for employees of owners operating taxicabs from that line to employ another, would not authorize an inference that the defendant had impliedly consented for Jessie Maddox, the regular driver, to employ anyone else to operate his cab. Therefore, the question of custom is not material to the determination of this case.

■ "One employed by a servant to assist in the performance of his master's business is not an employee of the master, for whose negligence the master will be liable, unless the servant has authority, either express or implied, to employ help." 5 Blashfield's Cyclopedia of Automobile Law and Practice (perm. ed.), p. 49, § 2921, 1 Am. Law Inst. Restatement, Agency, § 81, provides: "Unless otherwise agreed, a servant is not authorized to permit or employ another to perform acts of service which he is employed to perform." In *Cooper* v. *Lowery*, 4 *Ga. App.* 120 (60 S. E. 1015), it was held: "If a servant who is employed to do certain work for his master employs another person to assist him, the master is liable for the negligence of the assistant only when the servant had authority, express or implied, to employ him, or when the act of employment is ratified by the master." The ruling in this case was followed in *White* v. *Levi & Company*, 137 *Ga.* 269 (73 S. E. 376).

Here it is not a question of the driving of the automobile with the consent of the owner and the driver causing an injury by driving it in a manner contrary to the instructions of the owner, but it goes deeper than that. It is a question of whether the person driving or operating the car was authorized by the owner to drive or operate it under any conditions, or in any manner whatsoever. Of course an owner may instruct his servant not to be negligent in a specific manner or generally while driving his car. Notwithstanding this, a negligent act of the servant which violates such instructions may subject the master to liability. It has been said that if the act done is a tort, whether negligent or voluntary, and is done in the prosecution of the master's business, that is, the servant at the time is engaged in serving the master, the latter is liable. *Fielder* v. *Davison*, 139 *Ga.* 509, 512 (77 S. E. 618). But this statement is predicated, of course, upon the fact that there has been created and exists the relationship of master and servant.

Here Charlie Mitchell was not the servant of the owner, Mathis Cowart, unless Jessie Maddox, who contracted with Cowart to operate the cab, was authorized, expressly or impliedly, to permit Charlie Mitchell to use or operate the cab.

The uncontradicted evidence discloses that Jessie Maddox, under his contract with the defendant to operate the taxicab, was without authority to permit anyone else to use or operate the cab for any purpose whatsoever. We think, therefore, that under the elementary rules of agency it was not within the power of Jessie Maddox to permit anyone else to use the cab either in the course of the owner's business or otherwise without the consent of the owner. Maddox could not thus extend the scope of his agency without the consent of the master. Simon v. City Cab Co., 78 Fed. 2d, 506; Cooper v. Lowery, supra; White v. Levi & Company, supra; Pearce, Young, Angel Company v. Ward, 72 Ga. App. 89 (33 S. E. 2d, 39); Gulf Refining Company v. Harris, 30 Ga. App. 240 (117 S. E. 274); Mathis v. Western & Atlantic Railroad, 35 Ga. App. 672 (134 S. E. 793); Phipps v. Gulf Refining Co., 25 Ga. App. 384 (103 S. E. 472); Western & Atlantic Railroad Co. v. Jackson, 21 Ga. App. 50 (93 S. E. 547); Sinclair Refining Company v. Veal, 51 Ga. App. 755 (181 S. E. 705); Central of Georgia Railway Co. v. Price, 106 Ga. 176 (32 S. E. 77, 43 L. R. A. 402); Gulf Ref. Co. v. Shirley (Tex. Civ. App.), 99 S. W. 2d, 613.

We can not agree with the plaintiff that "Jessie Maddox was a general agent with ample authority to employ Charlie Lee Mitchell as was done in the instant case." The cases cited in the brief of the plaintiff are clearly distinguishable by their particular facts from the instant case.

The relationship of master and servant can not be imposed upon a person without his consent, express or implied. The defendant was free to select his own servant. He was responsible for the acts of his servant within the scope of his employment, but he was not responsible for the act of an assistant permitted without his authority to act for him. Butler v. Mechanics' Iron Foundry Co., 259 Mass. 560 (156 N. E. 720, 54 A. L. R. 849); 7-8 Huddy Automobile Law, § 102, p. 272.

"It is difficult to conceive of a case where the owner of an automobile, used privately, for business purposes, or publicly as a taxicab, could be held liable for an accident caused by the car while

operated by a person unknown to the owner and without his express or implied permission. Clear it is, that the agent of the owner, in whatever capacity he is charged with the use or operation of the car, cannot without the knowledge or consent of the owner transmit his agency to a person unknown to the owner, and thereby impose liability on the owner for the reckless or negligent operation of the car." *Simon* v. *City Cab Co.*, supra.

Even if there was a prima facie inference that the driver in possession of the taxicab was the agent of the owner, it was overcome by the uncontradicted proof that in fact the taxicab was not in the possession of the owner or his servant or agent.

This case is distinguishable from those cases where the agent of the owner was in charge of and driving the automobile at the time of the accident. Here, when the accident occurred the taxicab was being driven by a total stranger—one with whom the owner had no express or implied contractual relation. His possession of the taxicab was not such as in any manner to attach liability to the defendant owner.

We are of the opinion that the evidence did not authorize the verdict, and the trial judge erred in refusing a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*