34182. CARTER *et al. v.* BISHOP, by next friend.

DECIDED JANUARY 13, 1953—REHEARING DENIED FEBRUARY 12, 1953.

558

*Pittman, Hodge & Kinney,* for plaintiff in error.
*Keener & Keener, Mitchell & Mitchell,* contra.

CARLISLE, J. ■ Each of the numerous constitutional questions raised in special grounds 9 and 10 of the amended motion for a new trial has, in principle, been determined adversely to the defendant in *Maner* v. *Dykes,* 55 *Ga. App.* 436 (3) (190 S. E. 189); and see *Bass* v. *Georgia Public Service Commission,* 192 *Ga.* 106 (14 S. E. 2d, 740).

■ By its enactment of 1931 (Ga. L. 1931, p. 199), the General Assembly provided a comprehensive scheme of supervision and regulation of motor-transport traffic for hire over the highways of the State, and vested in the Public Service Commission power to make rules and regulations in respect to such traffic on the highways. *Bass* v. *Georgia Public Service Commission,* supra. Section 23 of that act provides: "This Act shall be cumulative to other laws regulating the use of motor-vehicles on the highways." Section 24 (Code § 68-627) provides in part: "The Commission shall have the authority to promulgate rules designed to promote safety, and any such safety rules promulgated or deemed necessary by such Commission shall include the following: (a) Every motor unit and all parts thereof shall be maintained in a safe condition at all times. And the lights and brakes and equipment shall meet such safety requirements as the Commission shall from time to time promulgate."

Pursuant to its power to make rules and regulations, the Public Service Commission promulgated its Rule 48 governing the lighting equipment (including reflectors) required for motor common carriers.

By an act of 1939 (Ga. L. 1939, pp. 295, 299; Code, Ann. Supp., § 68-317) the General Assembly provided, among other things, that: "(a) All vehicles using the public roads and highways of the State of Georgia at night shall be equipped with front and rear reflectors, in addition to the lights required by section 68-316, to serve as a warning signal to drivers of approaching vehicles. (b) The Department of Public Safety is hereby vested with the authority to determine and specify the type of reflectors to be placed on vehicles; to approve reflectors meeting the minimum requirements; and to make such other reasonable rules and regulations needed for the use of said reflectors. (c) The fact that no reflectors, or reflectors failing to meet the minimum requirements and approval of the said Department of Public Safety according to the said rules and regulations of the Department, are on the vehicle, shall be considered prima facie evidence of negligence on the part of the owner of such vehicle."

Counsel for the defendant contend that this latter act of the legislature repealed and superseded the earlier act of 1931 as regards the Public Service Commission's power to regulate reflectors on motor common carriers, and therefore, the trial court erred in charging on the Public Service Commission's rule as to reflectors, and in charging that a violation of that rule would constitute negligence per se. We do not agree.

Repeals of legislative enactment by implication are not favored, and result only where there is an irreconcilable conflict between two statutes on the same subject, or where it is evident that a repeal was intended by the legislature by its passage of a statute purporting to deal exhaustively with a given subject on which legislation already exists. *Thomas v. Board of Commissioners of Chattooga County,* 196 *Ga.* 10, 14 (25 S. E. 2d, 647). There is nothing contained in the Public Service Commission's rule here under consideration which we take to be in conflict with the act of 1939, and while the act of 1939 states that it is applicable to "all vehicles using the public roads and highways of the State of Georgia," the act does not contain language prohibiting the Public Service Commission from making additional requirements insofar as motor common carriers are concerned; and, as we have said, it was provided in the empowering act of 1931 that such act was "cumulative to other laws regulating the use of motor-vehicles on the highways."

It has long been accepted as the law of this State that the violation of a statute by a tort-feasor will, in an action by a member of the class for whose protection the statute was passed, be held to constitute negligence per se or negligence as a matter of law, and the same is true of the rules and regulations of administrative bodies. *Maner* v. *Dykes*, supra, and cases cited at page 440. The rule established by the act of 1939, that the absence of the reflectors specified by the Department of Public Safety shall be considered prima facie evidence of negligence on the part of the owner of the vehicle, is a rule of evidence and proof, and does not vary the general rule that a violation of a statute or regulation is negligence per se. Consequently, the trial court did not err in charging the more comprehensive rule of the Public Service Commission or in charging that a violation of that rule would constitute negligence per se, and, indeed, it seems to us that the charge that the violation of the reflector rule of the Public Service Commission is negligence per se was more favorable to the defendant motor common carrier than if the court had charged that its violation constituted prima facie evidence of negligence. Special ground 6 of the amended motion for a new trial is without merit.

■ Under the view which we take of the case, there is one controlling principle of law which disposes of the general grounds and special grounds 1, 2, 3, 4, 7, and 8; consequently, all of those grounds are determined here together.

Counsel for the plaintiff state in their brief that "the plaintiff in this case is predicating her right to recover against the defendant trucking company on the theory that H. M. Tyree, the defendant's duly authorized agent and driver, *was negligent in failing to supervise and control the conduct of the substitute driver,* Byrd, and the plaintiff is not contending that the negligence of the substitute driver, Byrd, [alone] would make the defendant truck company liable," and counsel for the plaintiff, contending that they are inapplicable, readily concede the validity of the following rules observed in *Cowart* v. *Jordan*, 75 *Ga. App.* 855, 859 (2) (44 S. E. 2d, 804): " 'One employed by a servant to assist in the performance of his master's business is not an employee of the master, for whose negligence the master will be liable, unless the servant has authority, either express

or implied, to employ help.' 5 Blashfield's Cyclopedia of Automobile Law and Practice (perm. ed.), p. 49, § 2921. 1 Am. Law Inst. Restatement, Agency, § 81, provides: 'Unless otherwise agreed, a servant is not authorized to permit or employ another to perform acts of service which he is employed to perform.' In *Cooper* v. *Lowery*, 4 *Ga. App.* 120 (60 S. E. 1015), it was held: 'If a servant who is employed to do certain work for his master employs another person to assist him, the master is liable for the negligence of the assistant only when the servant had authority, express or implied, to employ him, or when the act of employment is ratified by the master.' The ruling in this case was followed in *White* v. *Levi & Company*, 137 *Ga.* 269 (73 S. E. 376)."

We have perused a vast number, if not all, of the cases, which have been decided by this court and the Supreme Court, involving substitute agents, employees, and servants, and while some— for example, *Cohen* v. *Whiteman*, 75 *Ga. App.* 286 (43 S. E. 2d, 184); *Cowart* v. *Jordan*, supra; and *Pearce, Young, Angel Co.* v. *Ward*, 72 *Ga. App.* 89 (33 S. E.. 2d, 39)—would seem to recognize the principle for which counsel for the plaintiff contend, no case in this State, of which we are aware, has either confirmed or condemned its validity. We have, therefore, examined the decisions from those of our sister States where the principle has been applied for some time; and, while those decisions are not controlling authority, they are persuasive and we are impressed by the validity of the reasoning by which the principle became established. In a case strikingly similar on its facts to the present one, the United States Circuit Court of Appeals employed the following reasoning: "Defendant contends that he is not liable for the reason that at the time of the accident the truck was being operated by an unauthorized person. In violation of the rule of defendant, the agent in charge of the truck as driver brought one Knight from Los Angeles and permitted him to operate it part of the time. Knight was at the wheel when the accident took place, and the agent in charge was asleep. But the truck was being operated for the benefit of defendant. The agent was in it and was in charge of it on the business of his principal. He failed to supervise or control the conduct of his substitute immediately prior to the accident. He

did not intervene with action, protest or direction when either might have avoided the collision. If he had merely abandoned the wheel or had fallen asleep while driving and the truck had gone to the left side of the road and thus caused the accident defendant would clearly be liable. . . Defendant cannot be heard to escape liability on the ground that Knight was at the wheel while the agent in charge slept beside him in the cab. Geiss v. Twin City Taxicab Co., 120 Minn. 368 (139 N. W. 611, 45 L. R. A., N. S., 382); Jones v. Lozier, 195 Iowa 365 (191 N. W. 103); Grant v. Knepper, 245 N. Y. 158 (156 N. E. 650, 54 A. L. R. 845); Hendler Creamery Co. v. Miller, 153 Md. 264 (138 A. 1); Gates v. Daley, 54 Cal. App. 654 (202 P. 467)." Cain v. Bowlby, 114 Fed. 2d, 519, 523.

The jury was authorized to find that the tractor-trailer combination involved in the collision belonged to the defendant, that Tyree was placed in charge and control of the vehicle by the defendant, and that the vehicle was being used in the defendants' business and for their benefit at the time of the collision. The jury was also authorized to find that Tyree said he was disabled during the trip which he was making for the defendants, that he allowed or engaged Byrd, who was a stranger to Tyree and the defendants to drive the vehicle from a point in Tennessee to the point of the collision; that it was a rainy day and the visibility was poor; that Tyree directed Byrd to proceed south on U. S. Highway 41, which is a heavily traveled highway, and Tyree then entered the sleeping compartment on the tractor so as to place himself in a position from which he could not observe the highway, the traffic, or the operation of the vehicle, or the condition and operation of the lights on the tractor-trailer combination; that the vehicle did not have on it at the time of the collision the lights and reflectors required by the rules and regulations of the Public Service Commission; that Byrd, who was driving at the time of the collision, suddenly turned the vehicle to his left across the highway and into the path of an approaching automobile; that Byrd did not see the approaching automobile, in which the plaintiff was riding as a guest and over which he had no control, until it was within thirty feet of him; that if Tyree had not been asleep in the sleeping compartment of the vehicle he would have been in better position to control

and supervise the operation of the tractor-trailer; that Byrd gave no signal of his intention to turn the vehicle to the left into the path of the automobile, which Tyree, had he been sitting beside him in the cab, should have cautioned him to give; and that Tyree, had he been sitting in the cab could have seen the approaching automobile and could have cautioned Byrd not to turn into its path. The jury was further authorized to find that Ray, the driver of the approaching automobile, was negligent in not seeing the truck in time to avoid colliding with it; and that the defendants were negligent as to the defective lighting equipment on the tractor-trailer. Under this evidence and the principle of law announced above, we think that the verdict for the plaintiff against the defendants was authorized by the evidence, and that none of the portions of the charge complained of in the special grounds indicated above constituted reversible error.

■ In special ground 5 of the motion for new trial, error is assigned upon the following portion of the court's charge: "I charge you, gentlemen of the jury, that if you find from the evidence in this case that Charles Byrd, the driver of the truck, H. M. Tyree, the agent and servant of the defendant, Carter Trucking Company, and Ray, the driver of the car in which plaintiff's husband was riding as a guest, were guilty of negligence, and you further find that the death of plaintiff's husband was the result of the concurring negligence of Byrd, the driver, and Tyree, the agent, and Ray, the driver of the car, then you would be authorized to find a verdict for the plaintiff." This charge states a sound and correct principle of law (*Gooch* v. *Georgia Marble Co.*, 151 *Ga.* 462, 107 S. E. 47), and was authorized by the evidence. Special ground 5 is without merit.

For the foregoing reasons the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*