*Crenshaw, Hansell & Gunby, Harry S. McCowen,* for defendant.

### 25731.   BATTLE *v.* KILCREASE.

Decided December 5, 1936.

*J. B. Williamson, R. S. Foy,* for plaintiff in error.

*Tipton & Houston,* contra.

STEPHENS, J.   ■   The conduct of a hit-and-run driver of an automobile in failing to stop and give his name, etc., and render assistance to the person injured by him in the operation of his automobile along a public highway, may, in that it is in violation of a statute (Ga. L. 1927, pp. 226, 238; Code, § 68-308), be regarded as negligence as a matter of law. Although when taken alone such conduct may have no causal connection with the act which caused the injuries, the conduct of the driver in hitting, running, and failing to stop, etc., is a circumstance which may be considered, in connection with his other acts preceding the injury, as tending to establish his conduct in causing the injury as being negligence.

■   On the trial of a suit to recover damages alleged to have

been sustained by the plaintiff as a result of the negligence of the defendant, through his agent, the driver and operator of an automobile along a public highway, in running the defendant's automobile into the automobile in which the plaintiff was riding, knocking it out of the road, and turning it over, where it was alleged in the petition and appeared from the evidence that the driver of the defendant's automobile, with knowledge that the automobile had hit the automobile of the plaintiff and knocked it out of the road and turned it over, failed to stop, etc., and render assistance to the plaintiff, although it was not alleged that the conduct of the driver of the defendant's automobile in failing to stop, etc., was an act of negligence proximately connected with the plaintiff's injuries, and it did not appear from the evidence that the plaintiff suffered any injuries as a result of the failure of the driver of the defendant's automobile to stop, etc., and render assistance, it was nevertheless not error for the court to charge the jury that the failure of an operator of an automobile to stop, etc., and render assistance to the person injured by the operation of the automobile on a public highway, is a violation of a statute and constitutes negligence as a matter of law.

■ The Code, § 105-2002, declares: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." A substantial statement of the law as thus declared is made by the judge's charge that punitive damages are such as are given to "deter future similar occurrences, and also as damages for the wrong committed under the peculiarly provoking circumstances, that is provoking as far as the plaintiff might be concerned."

■ It is not essential to a recovery for punitive damages that the person inflicting the damage was guilty of wilful and intentional misconduct. It is sufficient that the act be done under such circumstances as evinces an entire want of care and a conscious indifference to consequences. Such conduct may constitute "aggravating circumstances in the act," which would authorize a jury to give additional damages as provided in this section of the Code. *Ratteree* v. *Chapman,* 79 *Ga.* 574, 580 (4 S. E. 684); *Southern Railway Co.* v. *Davis,* 132 *Ga.* 812 (3) (65 S. E. 131); *Charleston*

*& Western Carolina Railway Co.* v. *McElmurray,* 16 *Ga. App.* 504 (85 S. E. 804). The conduct of a hit-and-run driver of an automobile in failing to stop and give his name, etc., and render assistance to the person injured, when taken in connection with all the circumstances, may authorize a finding that the conduct of the driver in causing the injury constituted an entire want of care and conscious indifference to consequences, and therefore that there were such "aggravating circumstances in the act" as would authorize a recovery by the person injured for punitive damages as provided in the Code, § 105-2002, either to deter the wrong-doer from repeating the trespass or as compensation for the wounded feelings of the person injured. Thus, where a person driving an automobile along a public highway and overtaking and passing another automobile, when attempting to turn in front of the latter automobile, hits the front portion of the latter automobile and turns it over, and the driver of the first automobile, with knowledge of the accident, continues on his course and does not stop to render assistance or for any other purpose, the jury may consider the conduct as such aggravating circumstances as would authorize an award of punitive damages to the person injured.

■ Additional damages which would deter a wrong-doer from repeating the trespass, and which would be compensation for the wounded feelings of the plaintiff, are recoverable in addition to general damages for mental and physical pain and suffering. A charge authorizing a jury to assess damages of the first character is not subject to the objection that, by reason of the court having charged that there could be a recovery for damages of the second character, the charge authorized a recovery for double damages for the same injury.

■ Where an automobile is furnished by a father as the head of the family, as a family-purpose automobile, to be used by his children for their pleasure, the mere fact that one of these children uses it for such purpose on an occasion when the father was absent from home, contrary to express instructions from the father not to use the automobile in his absence, does not necessarily, for the time, destroy the relationship of master and servant between the parties, and does not necessarily render the act of the son in operating the automobile for the family purpose, although con-

trary to the express orders of the father, an act of the son alone and not his act as a servant of the father.

The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*