27878. SIMMONS v. BEATTY, by next friend.

DECIDED FEBRUARY 27, 1940.

*John M. Slaton, Barry Wright, Matthews, Owens & Maddox,* for plaintiff in error.

*Leon Covington, Wright & Willingham,* contra.

BROYLES, C. J. Lola Beatty sued R. O. Simmons Jr. to recover damages for personal injuries sustained by her in an automobile collision. A demurrer to the petition was overruled and a verdict for the plaintiff was returned. Subsequently, the defendant's motion for new trial was denied. The only question for the determination of this court is whether the operator of the defendant's car, at the time of the collision, was the servant or agent of the defendant.

On the trial the undisputed evidence showed the following facts: Paul Jones was the manager of a "service-station," and his only employee was Walter Trammell, a negro boy or man, who had been working for Paul Jones at said service-station for four or five years. One of the services given by Jones was washing automobiles for his customers and delivering them back to them when requested to do so. The charge for washing a car was seventy-five cents, and there was no extra charge for sending it back to the owner, the delivery being part of the service for which the seventy-five cents was charged. Trammell was employed by Jones to wash the cars and deliver them back to the owners when such delivery was requested by them. On the day of the collision, the defendant Simmons drove his car to the service-station for the purpose of having it washed, and Jones told him that Trammell had gone to Kirton's dairy, and Simmons said he would drive there and bring Trammell back so that he could wash the car. Simmons drove his car to the dairy, picked up Trammell, telling him he wanted him to wash his car, and then drove to his (Simmons') home, where

Simmons got out and told Trammell to drive the car to the service-station, wash the car, and bring it back to him as soon as possible. Trammell drove the car to the service-station and while he was washing the car Simmons telephoned the station. Trammell answered the call and Simmons told him to hurry and bring the car to him. Trammell then told Jones that Simmons wanted him to deliver the car to him, and Jones told him to do so. Trammell then got in the car and while driving it to the defendant's residence and before arriving there the collision in question occurred.

Under the above-stated facts Trammell, while so operating the automobile, was the servant and employee of Jones, the manager of the service-station, and was not the servant, employee, or agent of the defendant, and the defendant was not liable in damages for the negligence of Trammell. *Speed Oil Co.* v *Jones,* 59 *Ga. App.* 625 (1 S. E. 2d, 760) ; *Fisher* v. *Clark,* 60 *Ga. App.* 744 (5 S. E. 2d, 249) ; *Graham* v. *Cleveland,* 58 *Ga. App.* 810 (200 S. E. 184). Conceding that the demurrer to the petition was properly over-ruled, the undisputed evidence demanded a finding in favor of the defendant, and the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*