20309. FRANKEL *v.* CONE.

Argued January 15, 1959—Decided February 6, 1959—
Rehearing denied March 6, 1959.

*Moise, Post & Gardner, R. Emerson Gardner, Albert G. Norman, Jr., J. William Gibson,* for plaintiff in error.

*James Mackey, Hamilton Lokey, Dan McConaughey,* contra.

*McFarland & Cooper,* for parties at interest not parties to record.

MOBLEY, Justice. █ In her petition, the plaintiff seeks damages for personal injuries alleged to have been suffered by her when she was struck by an automobile owned by the defendant Frankel and driven by the defendant Hicks, an employee and servant acting within the scope of his employment of the defendant Day, who was the owner of a parking lot. The plaintiff alleges: "That in the furtherance of his business as aforesaid, defendant L. M. Day authorized and directed his parking lot attendants to accompany certain customers to their destinations downtown in order to return the said customers' cars to defendant Day's lot for parking.

"That immediately before the collision as aforesaid, at the request of defendant Mrs. Pearl K. Frankel, defendant Arthur Lee Hicks had been directed by the party in charge of said parking lot, whose name is unknown to the plaintiff but is well known to the defendants, to accompany Mrs. Pearl K. Frankel in her Cadillac to her place of business and return her car to said parking lot. That defendant Hicks accompanied defendant Mrs. Frankel to her place of business at 112 Broad Street, S. W., Atlanta, Georgia, where defendant Mrs. Frankel turned her said Cadillac over to defendant Hicks for the purpose of returning it to Day's parking lot, with instructions to return for her later in the day. That defendant Hicks was in the process of delivering said Cadillac to said parking lot when petitioner was struck down as aforesaid.

"That, at the time and place aforesaid, the Cadillac auto-

mobile was the property of defendant Mrs. Pearl K. Frankel and was being driven by defendant Arthur Lee Hicks at her express request, and . . . was being operated for the benefit of the said owner, defendant Mrs. Pearl K. Frankel."

It is readily seen therefrom, and was so stated by counsel for the plaintiff in his oral argument, that the petition does not seek recovery from the owner of the car on the basis of principal and agent, nor does it allege facts showing that the driver was her agent acting within the scope of his employment. See *Simmons* v. *Beatty*, 61 *Ga. App.* 759 (7 S. E. 2d 613); *Shropshire* v. *Caylor*, 94 *Ga. App.* 37 (1) (93 S. E. 2d 586), and cases cited. The petition clearly seeks recovery from the owner of the car upon the basis that the driver was driving her car with her consent and for her benefit. If the plaintiff is entitled to recovery, it is by reason of Code (Ann.) § 68-301.

■ While this court in *McElroy* v. *McCord*, 213 *Ga.* 695 (100 S. E. 2d 880), held that a petition alleging personal injuries as a result of the negligent operation of the defendant's motor vehicle while it was being used in the prosecution of the defendant's business stated a cause of action as against general demurrer, there no attack was made upon the constitutionality of the act of 1955 (Ga. L. 1955, pp. 454, 455; Code, Ann., § 68-301).

Here, there is a valid attack upon the constitutionality of the act; and, in our opinion, the act clearly violates the due-process clause of both the Federal and State Constitutions, for the reason that it makes the owner of a motor vehicle liable if the vehicle is being used in the prosecution of the business of or for the benefit of such owner, even though operated without notice to her or without her knowledge and without her consent, express or implied. To hold this statute constitutional, would be to hold a party liable for the negligent conduct of another, even though a trespasser were operating the vehicle against the express orders of the owner, and irrespective of how careful or free from negligence the owner was, the only condition being that it be operated for the benefit of the owner.

The ruling of this court in *Lloyd Adams, Inc.* v. *Liberty Mutual Ins. Co.*, 190 *Ga.* 633, 641 (10 S. E. 2d 46), that, "To allow any recovery on the basis stated by the statute would deprive

the defendant of property without due process of law, would authorize a recovery without liability, and would compel payment without fault," is equally applicable to this statute. We do not find, nor have counsel cited, any cases upholding the constitutionality of this or a similar statute. On the other hand, a similar statute was declared unconstitutional in the case of Daugherty v. Thomas, 174 Mich. 371 (140 N. W. 615). See also 5 Am. Jur. 732, § 398.

This court held in *Buchanan* v. *Heath*, 210 *Ga.* 410 (80 S. E. 2d 393), that Code § 94-707, providing that a section foreman shall be liable for double the value of stock killed by the railroad upon his failure to post the required notice, is violative of the due-process clauses of the State and Federal Constitutions because it makes him liable for the failure to report that of which he has knowledge and goes beyond that to subject him to a liability for failing to report the killing of stock of which he has no knowledge. We agree with that decision as to the unconstitutionality of the act in question, and the principle enunciated therein applies to this case.

■ There is no merit in the contention of the defendant in error that the owner of the car is not in position to attack the constitutionality of Code (Ann.) § 68-301, for the reason that the petition alleges that the car was being driven at the time of the accident with her knowledge and consent, and that the feature making it unconstitutional is not applicable as to her.

Prior to the enactment of this statute, there was, under the facts alleged, no liability upon the defendant. If she is now liable, it is by reason of the enactment of this statute, which creates the liability upon her. She is, therefore, adversely affected by it and is in position to invoke its unconstitutionality. ". . . the determination of a constitutional question is necessary and proper whenever it is essential to the decision of the case, as where the right of a party is founded solely on a statute, the validity of which is attacked." 16 C. J. S. 320, 321, § 94.

Article 1, section 4, paragraph 2 of the Constitution of Georgia of 1945 (Code, Ann., § 2-402) provides: "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the Judiciary shall so declare them." It

is the duty of this court to declare acts of the legislature in undoubted conflict with the Constitution to be void. *Bank of St. Mary's* v. *State,* 12 *Ga.* 475 (4); *Macon & W. R.* v. *Davis,* 13 *Ga.* 68; *Lamons* v. *Yarbrough,* 206 *Ga.* 50 (2) (55 S. E. 2d 551). This act, being on its face in violation of the Constitution, is void, and it is the duty of this court so to declare. "The time with reference to which the constitutionality of an act is to be determined is the date of its passage by the enacting body (*Jones* v. *McCaskill,* 112 *Ga.* 453, 37 S. E. 724); and if it is unconstitutional then, it is forever void." *Grayson-Robinson Stores* v. *Oneida Limited,* 209 *Ga.* 613, 617 (75 S. E. 2d 161). "The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted." 11 Am. Jur. 827, § 148.

In *Buchanan* v. *Heath,* 210 *Ga.* 410, supra, in which this court held an act of the legislature which imposed liability upon a railroad section foreman for failure to post notice of stock killed unconstitutional, because it imposed liability without first requiring knowledge by such foreman of the killing of stock, the record shows that the section foreman did have knowledge of cattle killed. The act was held unconstitutional irrespective of the fact that the feature which made it so—imposition of liability without knowledge—did not exist in that case.

The line of cases cited by the defendant in error, in support of his contention that a plaintiff must show that he has suffered an injury by the application of a law before he can test its constitutionality, is sound, and is not in conflict with this ruling. In *Houlihan* v. *Heery,* 205 *Ga.* 735, 737 (55 S. E. 2d 244), a judge sought to test the constitutionality of a statute on the ground that it denied him equal protection of the law in that, while it raised his salary, it did not raise it as much as others' salaries. This court held that he benefited by the act rather than suffered an injury, and could not complain. In *South Ga. Natural Gas Co.* v. *Ga. Public Service Com.,* 214 *Ga.* 174 (104 S. E. 2d 97), the plaintiff did not operate a pipe line under the act in

question, and could not be injured by the exclusion of municipalities and counties from the provisions and operations of the act. Other decisions cited in those cases involve situations where the plaintiff was not injured by the statute complained of. The case of *Complete Auto Transit* v. *Floyd*, 214 *Ga.* 232 (104 S. E. 2d 208), involved a statute which gave to an administrator the right to sue for medical and hospital expenses of the intestate whom he represented. This statute was constitutional on its face, but unconstitutional in its application to the facts of the case. There, the intestate, a married woman, had no cause of action for such services, as her husband was responsible for their payment and the cause of action was in him.

This statute is unconstitutional on its face. It is the duty of the court to declare it void. We so declare it unconstitutional and void. The trial court erred in overruling the general and special demurrers to the petition.

*Judgment reversed. All the Justices concur.*