37978.   MYRICK *v.* ALEXANDER, Next Friend.

DECIDED JANUARY 5, 1960.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Lewis, Wylly & Javetz,* for plaintiff in error.

*Grayson & Grayson, Spence M. Grayson,* contra.

NICHOLS, Judge.   1.   The petition alleged that the automobile being driven by Kirkland was owned by P. E. Myrick, was main-

2

tained as a family purpose vehicle and was in the custody and control of P. E. Myrick, Jr., who while having said control permitted said automobile to be driven and operated by Kirkland while he, Myrick, Jr., was riding in it.

No contention is made by the defendant that the allegations as to how the collision occurred were insufficient to set forth a cause of action, and the only contention made is that Myrick, Jr., could not delegate his authority to drive his father's automobile to Kirkland so as to bind him, Myrick, for the negligent operation of his automobile by Kirkland.

Many cases have been written involving the rule variously called the "family-purpose doctrine," "family-service rule," "family-automobile doctrine," or "family-car rule," and a very complete statement of the rule or doctrine as well as specific examples of its applicability and non-applicability may be found in *Cohen* v. *Whiteman,* 75 *Ga. App.* 286, 288 (43 S. E. 2d 184), which case is literally *on all fours* with the case under consideration. In that case an automobile owned by Frank Whiteman as a "family purpose automobile" was so being used by his son, Alvin Whiteman, to make a trip from Atlanta to Athens, Georgia, and while so being used Alvin Whiteman, the owner's son, permitted a third person to operate or chauffeur the automobile and such third person was actually operating or driving the automobile at the time of the collision wherein the plaintiff's son was killed. The defendant's son, at the time of the collision, was in the automobile retaining control, authority and direction over it although he was not himself acting as the operator or chauffeur, and the court held: "A father who keeps and maintains an automobile for the use, comfort, pleasure and convenience of his family, including a minor son, is responsible for injuries resulting from negligence of a third person whom the son permits to drive, where the son remains in the automobile and retains control, authority and direction over it, and where the automobile is still being used in furtherance of the purposes of a family car." *Cohen* v. *Whiteman,* 75 *Ga. App.* 286, supra.

In the case sub judice the defendant Myrick owned a "family-purpose" automobile which was being so used by his son, Myrick, Jr., and who had on the occasion out of which the injuries arose

permitted Kirkland, a third party, to operate or chauffeur the automobile while he (Myrick, Jr.), was in the automobile retaining control, authority and direction over it, as was Alvin Whiteman in the *Cohen* case, supra. Accordingly, the present case is controlled by such case and the judgment of the trial court overruling the defendant's general demurrer and motion to strike him as a party defendant was not error for any reason assigned.

The cases relied upon by the defendant to support his contention that he is not liable where one other than a member of his family is operating the automobile are cases where the member of the family has permitted a third person to use the automobile for the pleasure and convenience of the third person, where for instance the automobile was *loaned* to the third person and no member of the owner's family was receiving any benefit and it was held that a mere bailment existed (see *Mason v. Powell*, 92 *Ga. App.* 496, 88 S. E. 2d 734), or where the automobile was not maintained as a "family-purpose" automobile and authority was given by a member of the owner's family to a third party to use the automobile when no one had ever driven the automobile without the express permission of the owner and it was held that the "family-purpose doctrine" did not apply. *Samples v. Shaw*, 47 *Ga. App.* 337 (170 S. E. 389).

2. The defendant contends that the trial court erred in overruling the following demurrer to the petition: "Defendants demur specially to the allegations of paragraph 4 of said petition with reference to Willard Kirkland having driven said automobile with the permission of P. E. Myrick, Jr., earlier in the evening to Wilmington Island at a reckless and excessive rate of speed of 120 miles per hour on the ground that said allegation is inapplicable in that the collision did not occur on the trip to Wilmington Island, and defendants move that said allegation be stricken." The allegations assailed by this allegation of the demurrer were the italicized portion of the following allegation: "That Willard Kirkland, with the permission of the said P. E. Myrick, Jr., had driven said automobile earlier in the evening to Wilmington Island *at a reckless and excessive rate of speed and on the trip to Wilmington Island drove said car across the*

*Turner Creek Bridge at a rate of speed of 120 miles per hour,* and on the return trip from Wilmington Island . . ." the collision occurred.

The petition nowhere alleges the lapse of time between the trip to Wilmington Island and the return trip, nor does the petition allege the distances involved. The petition does allege that the collision occurred at about 1 a.m. on October 25, 1958, and the allegations quoted above show that they occurred "earlier in the evening" (presumably some time on October 24, 1958). Therefore, construing the petition most strongly against the pleader the allegations attacked by special demurrer occurred not less than 1 hour before the alleged negligence which caused the injuries sued for.

"In an action arising out of an automobile collision, the issue is the negligence or non-negligence of the operator at the time and place of the event, and each transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties." *Grannemann* v. *Salley,* 95 *Ga. App.* 778 (1) (99 S. E. 2d 338). While evidence as to the speed on the prior occasion would not be admissible under the above quoted case, still if on the trial of the case it be shown that the occurrence on the trip to Wilmington Island was so closely related to the return trip that it might support the allegations of speed at the time of the collision or if it is shown that at the time of the alleged occurrence while the defendant's automobile was en route to Wilmington Island was in fact a part of the same occurrence as that sued for, the evidence, under the decision of the Supreme Court in *Lovejoy* v. *Tidwell,* 212 *Ga.* 750 (95 S. E. 2d 784), would be admissible.

However, even assuming that the occurrence alleged to have taken place while the defendant's car was being driven to Wilmington Island by Kirkland was so remote to the occurrence out of which the action arose so that evidence in support of such allegation would not be admissible under the decision in the *Lovejoy* case, the allegations were not subject to the demurrer for another reason. It was alleged that Kirkland drove the automobile to Wilmington Island at excessive speeds and across Turner Creek Bridge at a speed of 120 miles per hour. It

was also alleged that Myrick, Jr., was in the automobile and had control, etc., over it, and one allegation of negligence was that the defendant was negligent in permitting Kirkland to drive the automobile. In *Burks* v. *Green*, 85 *Ga. App.* 327, 329 (69 S. E. 2d 686), it was said: "This court has also held that one who turns an automobile over to another for his own use, knowing such other is incompetent to drive the same, may be held liable by third persons who suffer injuries proximately resulting from such incompetent driving. *Nugrape Bottling Co.* v. *Knott*, 47 *Ga. App.* 539 (1) (171 S. E. 151); *Crisp* v. *Wright*, 56 *Ga. App.* 338 (192 S. E. 390); *Durden* v. *Maddox*, 73 *Ga. App.* 491, 493 (37 S. E. 2d 219). See also *Elliott* v. Harding, 107 Ohio 501 (140 N. E. 338, 36 A. L. R. 1128)." Under the allegations here complained of, evidence as to the prior occurrence would be admissible to show that Myrick, Jr., knew that Kirkland was incompetent to drive the automobile at the time it was being used for the pleasure, convenience, etc. of Myrick, Jr., under the "family-purpose doctrine," although such alleged act of negligence would not authorize a recovery in the absence of evidence of negligence proximately causing the injuries complained of. The judgment of the trial court overruling the defendant's special demurrer to quoted allegations of the petition was not error.

*Judgments affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

Felton, Chief Judge, dissenting. The petition in this case does not allege that the owner of the automobile either expressly or impliedly authorized his son to permit another person to operate the automobile which was allegedly furnished to the son for his pleasure and convenience. *Golden* v. *Medford*, 189 *Ga.* 614 (7 S. E. 2d 236). I dissented in the case of *Cohen* v. *Whitman*, 75 *Ga. App.* 286 (43 S. E. 2d 184), supra. I can add nothing substantial to that dissent. However, after the decision in that case, the Supreme Court decided the case of *Carter* v. *Bishop*, 209 *Ga.* 919 (76 S. E. 2d 784) in which it reviewed and reaffirmed the general law of agency which I think controls the principles governing the family-purpose automobile doctrine. The Supreme Court has not passed upon the main question in this case and until it rules adversely on my contention I am constrained to adhere

to my position. I feel very strongly that protection should be given to the public in circumstances identical or similar to those in this case, but since the liability of the furnisher of a family-purpose automobile is based solely on the law of agency, I do not think it is in the province of the courts to provide the desired protection so long as the protection given is bottomed on the law of agency.