### 37924.   MERCER *v.* OUTBOARD MARINE CORPORATION.

DECIDED JANUARY 6, 1960.

*Harrison E. Allen, Vernon W. Duncan,* for plaintiff in error.

*Reed, Ingram & Flournoy, Conley Ingram, Joseph F. Haas, Haas, Holland & Zinkow,* contra.

GARDNER, Presiding Judge. ■ The part of the contract pertinent to this decision is the paragraph providing that the defendant dealer will maintain an adequate repair department and furnish maintenance and repair service for Johnson motors purchased by it from the plaintiff manufacturer for resale, which paragraph provides: "The dealer will make no charge to the owners of motors sold by him for labor in replacing parts furnished by the manufacturer free of charge." The defendant, under this clause, cannot hold the plaintiff manufacturer accountable for any labor which he expended in replacing defective parts, but he can hold the manufacturer accountable for the value of the parts themselves if the manufacturer in fact refused to furnish them free of charge. It could be contended that whether the part needed replacing would be a question of fact, in which case under these pleadings a jury question would have been presented under the allegation that the parts set out in the exhibit as replaced were in fact defective. On the other hand the clause could mean that only those parts which the manufacturer chose to furnish free of charge would be involved, and on such parts the dealer would furnish free labor. If the latter construction be placed on the contract, the allegations of the petition show a ratification by the manufacturer, since the defendant alleged in his answer and setoff that: "The reason for making such repairs was that the plaintiff furnished to defendant defective engines, knowing them to be defective at the time, and when the necessity of such repairing in order to fulfill plaintiff's obligation under its warranty [was] brought to the attention of plaintiff's representative, and when such representative was told

that such repairs were being made by defendant, defendant was advised by plaintiff's representative that 'we will take care of it', thereby assuming on behalf of plaintiff liability therefor."

Further, if the wording of the contract provision is ambiguous, it is then permissible in the pleading for the pleader to set out the intention of the parties as understood by them at the time of entering into the contract, and this is done in the amendment to paragraph 6 which alleges that "pursuant to the dealership as set forth in said contract . . . the manufacturer was to furnish to your dealer free of charge parts for their products that were defective," etc.

Accordingly, the defensive pleading as a whole contains a valid claim of setoff and the trial court erred in sustaining the general demurrer and dismissing it.

■ As to the special demurrers, the defendant met some of them by amendment, and most of the others are controlled by what is said in the first division of this opinion. However, paragraphs 6 (a) and (b) and 7 (a) and (b) of the original demurrers which call for additional information as to when and whom the defendant informed of the defective merchandise were properly sustained. As to the special demurrers to the amendment to the petition, it has already been pointed out that those items of setoff which the defendant seeks on account of his own labor in repairing defective merchandise purchased from him as a dealer are not recoverable under the contract on which the defendant relies. Thus paragraphs 6 (f) and 7 (c) of the renewed demurrer were properly sustained insofar as a recovery is sought for items of labor.

Since the trial court erred in sustaining the general demurrer to the defendant's answer it follows that the direction of a verdict against him was also error.

*Judgment affirmed in part and reversed in part in accordance with what is said in the body of this opinion.*

*Townsend and Carlisle, JJ., concur.*