## 41787. WALTON, Executor v. WALTON.

FRANKUM, Judge. Charles Walton conveyed to Thornton J. Walton by warranty deed a certain described tract of land "for and in consideration of natural love and affection for son, who is to care for me as long as I live, and one ($1.00) dollar to grantor in hand paid." L. J. Walton, as executor of the last will of Charles Walton, the grantor, filed an attachment against Thornton J. Walton and thereafter filed his declaration in attachment alleging that the defendant, by the acceptance of the aforesaid deed, obligated himself to care for the said Charles Walton for and during his natural life; that from June, 1962, to the date of Charles Walton's death on April 30, 1964, the defendant failed and refused to provide to the said Charles Walton the necessities of life as he contracted to do; that the reasonable value of food, shelter, clothing, laundry and medical care for the said Charles Walton during the aforesaid period was $80 per month, and that the plaintiff is entitled to recover of the defendant the sum of $1,840. The judge of the superior court sustained the defendant's general and special demurrers to the declaration, and L. J. Walton appealed.

1. As against the general demurrer the petition stated a cause of action. The deed recited that the grantee was to care for the grantor as long as he lived. Giving to the petition a reasonable, rather than a strained, construction, it alleges that by accepting this deed the grantee obligated himself to care for the grantor during his natural life and to furnish him the necessities of life, and that the grantee failed during a specified period of the grantor's life after having accepted the deed, to furnish such specific necessities as food, shelter, clothing, laundry and medical care to the grantor. The wording of the undertaking recited in the deed and quoted above was at least broad enough to comprehend an obligation to provide support for the grantor. See *Jones v. Williams,* 132 Ga. 782, 784 (64 SE 1081). If such language in the deed should be deemed to be ambiguous, the allegations of the petition are at least sufficient as against the general demurrer to resolve this ambiguity and to raise a jury issue as to the intention of the parties to the instrument as understood by them at the time the instrument was delivered. See *Mercer v. Outboard Marine Corp.,* 101 Ga. App. 6, 8 (112 SE2d 694). It follows that the trial

court erred in sustaining the general demurrer to the petition.

2. None of the special demurrers attacking various paragraphs of the petition on the ground that the same constituted conclusions of the pleader without facts alleged therein or elsewhere in the petition to support such conclusions was meritorious. Accordingly, grounds 2, 3 and 5 of the demurrers were improperly sustained.

3. "Factitious demands by special demurrer are not favored. Reasonable certainty is all that is required in pleading, and a party need not allege his evidence in order to sustain his cause of action." *Gay v. Healan*, 88 Ga. App. 533, 541 (77 SE2d 47). Furthermore, a demurrer, being a critic, must itself be free from imperfection, and it must, as it were, lay its finger upon the very point. *Martin v. Gurley*, 74 Ga. App. 642, 643 (40 SE2d 787). Under the foregoing rules ground 4 of the special demurrer was without merit, in that it sought to compel the plaintiff to allege "the *cost* of food consumed by Charles Walton"; "the *cost* of shelter"; "the *cost* of clothing," and "the *cost* of medical care." (Emphasis supplied). The plaintiff had alleged "the reasonable value" of these various items sued for in gross, which was an allegation of the proper measure of damages, and, in the absence of a timely special demurrer calling for the *"reasonable value"* of the various individual items separately, this allegation was sufficient.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1966—DECIDED MARCH 18, 1966—REHEARING DENIED MARCH 30, 1966.

*George C. Kennedy, Brooks Culpepper,* for appellant.
*E. Mullins Whisnant,* for appellee.