### 30246. PHILLIPS et al. v. DIXON.

HILL, Justice.

Certiorari was granted in this case to decide whether the owner of a family purpose vehicle is liable for the negligent acts of a third person driving the vehicle while accompanied by a member of the owner's family even though the owner had instructed the family member not to allow others to operate the vehicle.

Henry Phillips was the owner of a family purpose automobile which was in a collision in which Deborah Dixon, the plaintiff, was injured. The evidence, by affidavits, is uncontradicted that Phillips had given permission to his son to use the car with explicit instructions not to allow anyone else to drive. At the time of the collision the car was being used for a family purpose and the son was in the car, but a third person was driving, contrary to the owner's instructions. The plaintiff brought suit for damages against the owner and the son. The trial

court granted summary judgment for the owner. On appeal, the Court of Appeals reinstated the suit as against the owner (*Dixon v. Phillips,* 135 Ga. App. 161 (217 SE2d 331) (1975)), and we granted certiorari.

In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. *Griffin v. Russell,* 144 Ga. 275 (87 SE 10) (1915); *Cohen v. Whiteman,* 75 Ga. App. 286, 288 (43 SE2d 184) (1947). Although a parent generally is not liable for the torts of a child, the family car doctrine, which arose from the principles of agency, constitutes an exception to this rule. *Griffin v. Russell,* supra. The policy behind the origin of the doctrine was the ever increasing number of automobile collisions and the frequency with which the negligent driver was found to be judgment proof. In the case of a family at least, this factor was minimized by finding liability as to the owner of the car who allowed family members to use the car for family pleasures. The recovery of the injured plaintiff then did not depend on the financial position of the family member who happened to be driving. Mechem, Outlines of the Law of Agency (4th Ed. 1952); 6 Blashfield Automobile Law and Practice § 255.21.

In the case before us, however, the driver was not authorized by the owner to drive the car; the driver's authorization came from the son. The defendant contends that the Georgia law of agency, from which the family car doctrine arose, provides that an agent may not delegate his authority to another unless he has been specifically empowered to do so. Code Ann. § 4-103. In *Carter v. Bishop,* 209 Ga. 919 (2) (76 SE2d 784) (1953), the court held that an employer was not liable for the negligence of a third party driving his vehicle if the employer entrusted his employee with the vehicle and instructed him not to permit anyone else to drive, even though the employee was riding in the vehicle and it was being operated by the third party for the benefit of the owner. See also *Cowart v. Jordan,* 75 Ga. App. 855 (44 SE2d 804) (1947). The defendant argues that the rules of agency are applicable in family car cases (i.e., that the family car doctrine is

coextensive with the doctrine of respondeat superior), and that under Code Ann. § 4-103, *Carter v. Bishop,* supra, and other agency decisions, the owner is not liable in the case at bar.

Plaintiff argues that, although it is true that many of the cases involving the family car doctrine, including the Court of Appeals opinion in this case, state that the doctrine is but an extension of the law of principal and agent to the family, in reality the doctrine has become a body of law of its own separate from that of agency. Plaintiff contends that after maturing, the family car doctrine has developed along lines of its own.

Thus, we are required to examine the limits of liability created by the family car doctrine and compare those limits with the limits of liability created by the doctrine of respondeat superior. In *Evans v. Caldwell,* 184 Ga. 203 (190 SE 582) (1937), the parent was held liable for the negligence of her son in driving the family car to a second location after the parent had expressly limited the place the son could go, and the son had disobeyed those instructions. Thus, disobedience of the parent's instructions does not necessarily negate application of the family car doctrine. See also *Battle v. Kilcrease,* 54 Ga. App. 808 (6) (189 SE 573) (1936).

In *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236) (1940), in answer to a certified question this court held that where the wife owned a family purpose car and permitted her husband to ride in and direct the operation of the car, and without the owner's knowledge or express consent he permitted a third person to drive the car under his direction, supervision and control, the owner was liable for damages caused by the negligence of the driver. This court assumed, however, that the husband had general authority to direct others in operating the car but did not have express consent to let this particular person drive the car.

In *Cohen v. Whiteman,* 75 Ga. App. 286, supra, the father had permitted his son to drive the family purpose car, the son had permitted a third person to drive, the collision occurred while the son was in the car, but it was not shown that the father had authorized the third person to drive. The court held that: "A father who keeps and

maintains an automobile for the use, comfort, pleasure and convenience of his family, including a minor son, is responsible for injuries resulting from negligence of a third person whom the son permits to drive, where the son remains in the automobile and retains control, authority and direction over it, and where the automobile is still being used in furtherance of the purposes of a family car." Thus, a father is liable under the family car doctrine for the negligence of a third person driving the vehicle even though the father did not authorize the third person to drive, whereas an employer would not be liable under those same circumstances. Code Ann. § 4-103, supra.

*Myrick v. Alexander,* 101 Ga. App. 1 (112 SE2d 697) (1960), and *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185) (1961), both are on "all fours" with *Cohen,* supra, and reached the same result. In the *Alexander* case, Chief Judge Felton (later Justice Felton) dissented, citing the decision of this court in *Carter v. Bishop,* supra, and saying (101 Ga. App. 6): "I feel very strongly that protection should be given to the public in circumstances identical or similar to those in this case, but since the liability of the furnisher of a family-purpose automobile is based solely on the law of agency, I do not think it is in the province of the courts to provide the desired protection so long as the protection given is bottomed on the law of agency."

Although Code § 4-103 provides that an agent may not delegate his authority to another, unless specially empowered to do so, the foregoing cases hold that a family member may delegate his authority to drive a family car to another even though not specially empowered to do so, and the owner will be held liable. Thus it appears that the family car doctrine, although it originated from the law of agency, does not always follow the confines of the law of agency.

The defendant argues that to hold the owner liable under the family car doctrine where a third person is driving contrary to the owner's instructions is to reinstate Ga. L. 1955, pp. 454, 455 (Code Ann. § 68-301), which was declared unconstitutional in *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819) (1959). That Act provided: "Every owner of a motor vehicle operated upon the public highways,

roads or streets of this State shall be liable and responsible for the death or injuries to person or property resulting from negligence in the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner or if said motor vehicle is being operated for the benefit of such owner." *Frankel* held that the statute violated due process because the owner could be held liable under it even if the car were operated by a trespasser without the knowledge of the owner and against his express orders, as long as it was being operated for the benefit of the owner. Thus, the General Assembly's effort to extend the liability of motor vehicle owners (employers, parents and others) was unsuccessful because the Act would have made the owner liable for use of the vehicle by a trespasser.

*Frankel,* however, was not a family car doctrine case, and there is no suggestion in the opinion that *Frankel* intended to disturb that doctrine. *Evans v. Caldwell, Golden v. Medford* and *Cohen v. Whiteman,* supra, were decided before *Frankel,* and *Myrick v. Alexander* and *Myrick v. Sievers,* supra, were decided after *Frankel.* On the other hand, the constitutional issues raised in *Frankel* were not raised in those family car cases.

However, the family car doctrine as applied to the facts in this case satisfies the requirements of due process. In order for the owner to be liable he must have given his permission to a family member to drive the car. Also that family member must be in the car and the car must be engaged in a family purpose. Once the owner has consented to the use of the vehicle for a family purpose and has relinquished control of the car to a family member for that purpose, the requirements of due process are satisfied. The car is not being used by a trespasser without the knowledge and consent of the owner, as was condemned in *Frankel.*

The Court of Appeals decision in this case, 135 Ga. App. 161 (217 SE2d 331) (1975), overruled three cases, *Strickland v. Moore,* 113 Ga. App. 209 (147 SE2d 682) (1966); *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639) (1967); and *Trust Co. of Ga. v. Howard,* 130 Ga. App. 725 (204 SE2d 499) (1974). However, the holdings in *Strickland* and *Pritchett,* supra, correctly interpreted the

family car doctrine.

In *Strickland,* supra, the son was permitted by the owner to use the car but with instructions not to let anyone else drive. A third party was driving when the accident occurred. Contrary to the facts in the case now before us, in *Strickland* the son did not permit the third party to drive but rather the third party forcibly assumed possession and control of the car over the son's protests and objections (i.e., the driver was a trespasser). The court correctly held that, under those facts, the car was not being used as a family purpose car and so the owner was not liable.

In *Pritchett v. Williams,* supra, the owner's minor son let a third party drive the car for the purpose of obtaining cigarettes for the son, but the son was not in the car at the time of the collision and it was not contended that the owner had authorized the son to permit use by a third person. The court correctly held that the owner could not be found liable when the minor with permission to use the car was not driving or riding in the car and was not authorized by the owner to permit others to drive it.

On the other hand, *Trust Co. of Ga. v. Howard,* supra, involved different considerations. There the owner's wife asked a third person to drive the family car on an errand for the wife. The wife was not in the car when the collision occurred during the course of that errand. A majority of the Court of Appeals held that where the facts do not show that the owner has authorized the family member to authorize a third person to drive the car, the owner is not liable under the family car doctrine for injuries caused by the negligent operation of the car by such third person outside the presence and control of the family member. Because it is unnecessary for us to decide in this case the questions posed by *Trust Co. of Ga. v. Howard,* we neither approve nor disapprove the *Howard* decision, but note that the family member in *Pritchett v. Williams,* supra, who authorized the third person to drive the car was the son, whereas the family member in *Howard* who authorized the third person to drive the car was the spouse of the owner. Cf. *Golden v. Medford,* supra.

We adopt as applicable to the case before us the holding in *Cohen v. Whiteman,* 75 Ga. App. 286 (1947),

supra, that a parent who keeps and maintains an automobile for the use, comfort, pleasure and convenience of the family, is responsible for injuries resulting from the negligence of a third person whom the family member permits to drive, where the family member remains in the automobile and retains control, authority and direction over it, and where the automobile is being used in furtherance of the purposes of a family car. We hold this liability created by the family car doctrine to be applicable notwithstanding the fact that the parent has expressly instructed the family member not to permit third persons to drive the car.

As between the owner of the vehicle and the person injured by the negligent operation thereof, it is the duty of the owner to see that his private limitations on its use are followed. As between the person injured and the owner, the risk of liability falls upon the owner in such a case as this. It is the use of the car for a family purpose with the permission of the owner which creates the owner's responsibility, as opposed to the permission given or not given to a particular driver.

*The judgment of the Court of Appeals is affirmed. All the Justices concur, except Undercofler, P. J., who concurs specially.*

ARGUED NOVEMBER 10, 1975 — DECIDED FEBRUARY 12, 1976.

*John A. Dickerson,* for appellants.
*Whelchel, Dunlap & Gignilliat, George L. Simpson, III,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

I agree with the majority opinion that this case comes within the family purpose doctrine. However, I am not prepared to agree that a car owner is never liable under the family purpose doctrine where the permittee allows a third party to operate the car contrary to the owner's instructions and without the permittee being present in the car. Without belaboring the point I am inclined to the view that a permittee under the family purpose doctrine

becomes, in effect, what may be described as a substituted owner with the same authority over the use of the car as the actual owner, and the actual owner cannot limit his liability by special instructions. Under this view the actual owner incurs the same liability the family permittee incurs.