## 57624. RUCKER v. FRYE.

SMITH, Judge.

We affirm the trial court's judgment, entered on a directed verdict in favor of appellee Frye.

Seeking to hold appellee liable under the family purpose doctrine, appellant Rucker sued for damages suffered in an automobile accident. The trial court ruled that appellant had not shown that doctrine to be applicable and, in accordance with appellee's motion asserting that fact, it granted a directed verdict for appellee.

Appellee was divorced from his wife and lived in Tennessee. Two of his daughters, Deborah and Susan, lived together in an apartment in Avondale Estates. Appellee had provided the car involved in the accident for Deborah's use, but he had explicitly instructed her that no one else, including Susan, was to drive it. The accident

occurred when Susan's boyfriend was driving the car, with Susan as the sole passenger, after Deborah had given Susan alone permission to operate the car.

Assuming arguendo the family purpose doctrine was otherwise applicable, it did not here apply, because Deborah's father had instructed her not to allow another to drive and she was not present in the automobile at the time of the wreck. Appellee could not be found liable on the basis of the doctrine "when the minor with permission to use the car was not driving or riding in the car and was not authorized by the owner to permit others to drive it." *Phillips v. Dixon,* 236 Ga. 271, 276 (223 SE2d 678) (1976). It was therefore not error to grant the directed verdict. Code § 81A-150 (a).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED SEPTEMBER 20, 1979.

*Philip M. Casto,* for appellant.
*J. Kenneth Moorman, Ben Williams,* for appellee.