A96A0859. BLANCHARD et al. v. CRIBBS.
(474 SE2d 298)

Judge Harold R. Banke.

In this automobile accident case, Brandie D. Blanchard and her husband, Dale Blanchard, appeal from the trial court's grant of summary judgment in favor of Paul W. Cribbs. The trial court found Cribbs is not liable under the "family purpose doctrine" for his son's collision with Ms. Blanchard's car.

Cribbs is the father of Justin Cribbs and Paul Cribbs, Jr., who both lived in his home at the time of this accident. Cribbs purchased a pickup truck for Justin but told him Paul, Jr. could not drive it. He repeated that prohibition to Paul, Jr. On the day of the accident, Justin disregarded his father's instructions and allowed Paul, Jr. to take the truck, alone, to Paul's work site.

When Paul, Jr. later rear-ended the Blanchard vehicle, he left the scene to get his brother. He returned with Justin, who claimed he had been the driver. The sons claimed they lied because Paul was scared. They did not reveal the truth to their father until several months after this lawsuit was filed against Justin and Paul, Sr. and explained they "came clean" because witnesses had questioned their

story. *Held*:

1. The Blanchards contend the brothers' conflicting stories create an issue of material fact as to whether Paul, Jr. or Justin was driving the truck at the time of the accident. They did not make this argument below, but rather contended in their brief to the trial court that Paul, Jr. was the driver. The Blanchards may not raise this argument for the first time on appeal but must stand or fall on the position they took in the trial court. *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994). Furthermore, in Ms. Blanchard's deposition she indicates that the person who returned to the scene and claimed to be the driver was not the person who hit her.

2. To make a valid claim under the family purpose doctrine, a plaintiff must first show that, at the time of the automobile accident: 1) the owner had given permission to a family member to drive the vehicle; 2) the owner had released control of the vehicle to the family member; 3) *the family member was in the vehicle*; and 4) the vehicle was being used for a family purpose. *Quattlebaum v. Wallace*, 156 Ga. App. 519, 520 (275 SE2d 104) (1980); see *Phillips v. Dixon*, 236 Ga. 271, 275 (223 SE2d 678) (1976).

In *Dixon*, the Supreme Court held that a father who provided his child a car could be responsible under the family purpose doctrine, even though the child had disobeyed his father and let a friend drive, because at the time of the accident the child was in the car and "retain[ed] control, authority, and direction over it. . . ." Id. at 277. But the Court cited with approval *Pritchett v. Williams*, 115 Ga. App. 8 (153 SE2d 639) (1967). *Dixon*, supra at 276. *Pritchett* rejected a parent's liability under the family purpose doctrine where the child asked a friend to take the vehicle, *alone*, to perform an errand for the child, and the friend had an accident. In so holding the Court noted, "In no case in Georgia has it been held that the parent is liable when the son or family member was not in the automobile and directing its use. . . ." *Pritchett*, 115 Ga. App. at 9.

Without question, Justin Cribbs was not in the truck at the time Paul, Jr. rear-ended Ms. Blanchard. But the Blanchards argue that *Dixon* and *Pritchett* do not apply because *a* family member — Paul, Jr. — was in the truck, albeit a family member without permission to drive it. Their contention is controlled to the contrary by *Rucker v. Frye*, 151 Ga. App. 415 (260 SE2d 373) (1979), a case factually similar to this one. A parent had two daughters who lived together. He provided a car for one but forbade her to let anyone else, including her sister, drive it. Nonetheless, the daughter allowed her sister to take the car. The Court held the father could not be held responsible under the family purpose doctrine " 'when the minor with permission to use the car was not driving or riding in the car and was not autho-

rized by the owner to permit others to drive it.' [Cit.]" Id. at 416. Under the undisputed facts as presented below by both parties, the trial court did not err in granting summary judgment to Paul W. Cribbs based on this precedent.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 7, 1996.

*Walter H. New*, for appellants.
*Young, Thagard, Hoffman, Scott & Smith, F. Thomas Young, Daniel C. Hoffman*, for appellee.